NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
COUNTY OF SANTA CRUZ; JAMES HART; and PAUL RAMOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARIO SMITH, DECEASED, through his Co-Successors-in-Interest FELICIA SMITH, individually and MICHAEL WARREN-SMITH, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SANTA CRUZ, a municipal corporation; JAMES HART, in his individual capacity as Sheriff for the COUNTY OF SANTA CRUZ; PAUL RAMOS, in his individual capacity as Chief Deputy of Corrections, HEALTH SERVICES AGENCY for the COUNTY OF SANTA CRUZ;  BEHAVIORAL HEALTH for the COUNTY OF SANTA CRUZ, WELLPATH, LLC; Dr. GERALD LAZAR, MD.; DOES 4-50,<br><br>Defendants. | Case No. C21-00421 EJD<br><br>**COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST DISCOVERY LETTER BRIEF** |

Defendants County of Santa Cruz, James Hart, and Paul Ramos, herein respond to the Plaintiffs' unilateral discovery letter brief, filed without sufficient notice of impending filing to Defendants' counsel, and filed while numerous discovery issues were being handled by the undersigned counsel after discussions pertaining meet and confer process. Certain issues are now moot in light of additional production and/or the fact that no records exist.  It should be noted that

additional voluminous documents have been received by the undersigned from the County and are in the process of reviewing, redaction (if necessary) for private/confidential information, ensuring the documents have not already been produced and <u>will be producing additional materials within two weeks from any discovery hearing (set for December 1st)</u>.

**I. RESPONSES TO PLAINTIFFS' CLAIMS THAT DEFENDANT'S RESPONSES TO SPECIFIC REQUESTS ARE INSUFFICIENT.**

1. In response to Request for Production No. 3, Defendants' have produced some documents that relate to this issue and will produce additional documents that can be located.

2. In response to Request for Production No. 5, 6, 7, and 15, Defendants' have produced some policies and will produce additional policies that may bear on these issues. County defendants do not have any documents responsive to request number 7 within their care, custody, and control. Request No. 15 does not relate to policies, as represented by Plaintiffs.

3. In response to Request for Production No. 10, Defendants' have some of these records, but will produce additional records that bear on these issues.

4. In response to Request for Production No. 11, Defendants' maintain their objections that this request is overbroad and unduly burdensome, and fatally vague and ambiguous. Defendant cannot produce records regarding all contacts with Smith, but Defendants have produced and are producing records that can be located that relate to documented County contact with Smith in the two months prior to his death.

5. In response to Request for Production No. 15, Defendants' will produce all intake documentation they can locate regarding Smith.

6. In response to Request for Production No. 20, Defendants are currently reviewing a voluminous number of emails to determine which are responsive to this request and are developing a privilege log for the voluminous production of emails, some of which are protected by the attorney-client privilege and/or attorney-work product protection. <u>Defendants request at least an additional 30 days for this production in light of the</u>

privilege issues involved.

7. In response to Request for Production No. 21, Defendants have produced footage from May 1, 2020 through May 10, 2020, ten-days of surveillance footage, and object to producing thirty days of surveillance footage as the request is overbroad, unduly burdensome, not likely to lead to the discovery of relevant evidence and not proportional to the needs of this case. Additionally, Defendants are not in possession of video footage prior to May 1, 2020, per their review of records.

8. In response to Request for Production No. 30, Defendants' maintain their objections that this request is overbroad as it is not limited in time or scope, is vague and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence. However, Defendants have produced numerous documents thus far that Defendants believe are responsive to this request, and Defendant Wellpath has also produced documents that may bear on this request.

9. In response to Request for Production No. 36, 37, and 38, Defendants will be producing documents responsive to Request No. 38, but do not have additional documents responsive to Requests No. 36, and 37 within their care, custody, and control. Defendants also believe that other documents already disclosed bear on issues pertaining to Request No.'s 36 and 37.

10. In response to Request for Production No. 39, Defendants are producing additional documents regarding this request.

11. In response to Request for Production No. 41, Defendants have no responsive documents within their care, custody, and control.

12. In response to Request for Production No. 42, Defendants are producing additional documents regarding this request.

13. In response to Request for Production No. 45, Defendants are producing additional documents regarding this request.

14. In response to Request for Production No. 46, Defendants have no responsive documents within their care, custody, and control.

15. In response to Request for Production No. 50, Defendants' maintain their objections that this request is vague, ambiguous, unduly burdensome and oppressive, not proportionate to the needs of this case, and is not calculated to lead to the discovery of admissible evidence. Plaintiffs seek records of all other jail deaths from January 1, 2011 to the present, which is entirely too broad and otherwise objectionable. Defendants stand by their response and objections to this request.

16. In response to Request for Production No. 51 Defendants are producing additional documents responsive to this request. As to Request No. 52, Defendants maintain their objections to this objectionable request regarding other jail deaths.

## II. INABILITY TO PROVIDE CONTACT INFORMATION FOR DR. GERALD LAZAR.

Plaintiffs made an informal request to the County requesting contact information for Dr. Gerald Lazar after the filing of their Second Amended Complaint, which named Dr. Lazar as a defendant. In response to Plaintiffs' informal request, Plaintiff's counsel was informed by the undersigned that Dr. Lazar is not currently a provider for the County of Santa Cruz. Moreover, Dr. Lazar was not ever an employee of the County, but was contracted through a third party staffing company and the undersigned provided the name and address of the staffing company to Plaintiffs. We are informed and believe that the County does not have contact information available to provide to Plaintiffs' for Dr. Lazar.

The undersigned attests that concurrence in the filing of this document has been obtained from the signatory below which shall serve in lieu of the signatures on the document.

Dated: November 29, 2021  MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By:  /s/ Noah G. Blechman
  Noah G. Blechman
  Attorneys for Defendants
  COUNTY OF SANTA CRUZ; JAMES HART; and PAUL RAMOS