UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAMARIO SMITH, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SANTA CRUZ COUNTY, et al.,<br><br>　　　　　Defendants. | Case No.   21-cv-00421-EJD<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>Re: ECF No. 98 |

On March 16, 2022, the Clerk of the Court entered default against Defendant Dr. Gerald Lazar, M.D. ("Defendant" or "Dr. Lazar"), after Defendant failed to appear or otherwise respond to the Summons and Complaint in this case within the time prescribed by the Federal Rules of Civil Procedure. *See* Clerk's Notice of Entry of Default ("Entry of Default"), ECF No. 87. Before this Court is Defendant's Motion to Set Aside Default, which Plaintiffs oppose. *See* ECF Nos. 98 ("Mot."), 99 ("Opp."). Pursuant to Civil Local Rule 7–1(b), the Court finds the matter appropriate for determination without oral argument. For the reasons below, Defendant's Motion to Set Aside Default is GRANTED.

**I.    BACKGROUND**

This case arises from the death of Tamario Smith on May 10, 2020, while he was detained at the Santa Cruz County Jail. On January 15, 2021, Mr. Smith's parents, Felicia Smith and Michael Warren-Smith ("Plaintiffs"), filed this action on behalf of Mr. Smith and as his co-successors in interest. *See* Complaint, ECF No. 1. On February 9, 2022, Plaintiffs filed the operative Third Amended Complaint. *See* Third Amended Complaint ("TAC"), ECF No. 77. The

Case No.: 21-cv-00421-EJD
ORDER GRANTING MOTION TO SET ASIDE DEFAULT
1

1  TAC alleges multiple violations of the Civil Rights Act, 42 U.S.C. § 1983; wrongful death under

2  California Code of Civil Procedure § 377.60; violations of the Americans with Disabilities Act of

3  1990 ("ADA"), 42 U.S.C. § 12132; violations of the Rehabilitation Act, 29 U.S.C. § 794(a); and

4  common law negligence. *Id.* ¶¶ 82–237. According to the TAC, Dr. Lazar—a psychiatrist

5  contracted by the County of Santa Cruz to provide psychiatric services to individuals detained at

6  the Santa Cruz County Jail—treated and prescribed medication to Mr. Smith during his

7  incarceration. *Id.* ¶ 13a. Plaintiffs allege that Dr. Lazar, along with other defendants, intentionally

8  failed to provide adequate mental health services to Mr. Smith, who had been diagnosed with

9  schizophrenia. *See, e.g.*, *id.* ¶ 69.

10  Plaintiffs served the TAC on Dr. Lazar on February 14, 2022, by substitute service.

11  Executed Summons, ECF No. 80. On February 17, 2022, Dr. Lazar contacted counsel for

12  Plaintiffs by email and stated that he had received a summons concerning the case of Mr. Smith

13  but would be out of the country until mid-April 2022. Application for Entry of Default ("Default

14  Application"), ECF No. 85, at Exh. B. Plaintiffs' counsel responded that same day and informed

15  Dr. Lazar that they "strongly recommend[ed] that you contact your attorney so that you can timely

16  respond to the Second [*sic*] Amended Complaint." *Id.* On March 15, 2022, Plaintiffs moved for

17  an entry of default against Dr. Lazar based on his failure to appear or otherwise respond within the

18  time prescribed by Federal Rule of Civil Procedure 12. Default Application, at 2, 4. The Clerk of

19  Court entered default as to Defendant on March 16, 2022. Entry of Default, at 1.

20  On December 30, 2022, Defendant filed the pending Motion to Set Aside Default (the

21  "Motion"). In his declaration filed in support of the Motion, Dr. Lazar averred that he was retired

22  from the practice of psychiatry and had been travelling out of the country when he was served

23  with the Third Amended Complaint at his residence in the United States. Declaration of Gerald

24  Lazar, M.D. ("Lazar Decl.") ¶ 2, ECF No. 98-2. Dr. Lazar claimed that a friend staying at his

25  home received service and described the paperwork to Dr. Lazar by telephone, but that the nature

26  of the documents had not been clear. *Id.* He further stated that after his email correspondence

27  with counsel for Plaintiffs, he "mistakenly presumed that the County of Santa Cruz or the medical

28  Case No.: 21-cv-00421-EJD
ORDER GRANTING MOTION TO SET ASIDE DEFAULT
2

group that I worked for would be handling this legal matter" for him because he "was working at the Santa Cruz County Jail when [he] saw the patient, plaintiff Tamario Smith." *Id.* ¶ 3.

Dr. Lazar "did not notice or review" the served documents when he returned home because they "were left under a stack of other miscellaneous papers" prior to his arrival. *Id.* ¶ 4. Because he did not receive "a status update" from counsel for Plaintiffs or the County of Santa Cruz, Dr. Lazar "mistakenly presumed . . . the matter had been resolved." *Id.* ¶ 5. He was not served with the Default Application or Entry of Default. Lazar Decl. ¶ 6. In December 2022, Dr. Lazar became aware of the entry of default, and of the retention of counsel by his professional liability insurance company to set aside default and, if successful, defend him in this litigation. *Id.* ¶ 7.

## II.  LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The court may subsequently set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To assess whether there exists "good cause" to set aside an entry of default, "a court must 'consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. Further, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Forgoing an analysis of any extreme circumstances "fundamentally alter[s] the standard, turning the court's attention to everyday oversights." *Id.*

## III.  DISCUSSION

Because any of the three factors described above can constitute a sufficient reason for the

Case No.: 21-cv-00421-EJD
ORDER GRANTING MOTION TO SET ASIDE DEFAULT
3

district court to refuse to set aside the default, the Court examines each in turn.

### A.  Culpable Conduct

Plaintiffs oppose Defendant's motion to set aside default, arguing that his failure to timely respond was the result of culpable conduct in light of Defendant's email to Plaintiffs' counsel acknowledging his receipt of the complaint and summons. Opp. at 4–9. The "ordinary standard" for culpability in the Ninth Circuit is whether the defendant "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citations omitted). Although courts have on occasion found a defendant culpable under a formulation of the standard that omits the word "intentionally," "[t]his is not the ordinary standard . . . [and the Ninth Circuit] ha[s] never applied it to deny relief in the context of such [default] motions except when the moving party is a legally sophisticated entity or individual," such as a lawyer. *Id.* at 1093.

Contrary to Plaintiffs' arguments, Defendant's poor assumptions about the legal process, do not make his failure to timely respond "intentional" in the sense of the term used for the culpability standard. The Ninth Circuit has explained that "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). That is, "intentional" in this context does not simply equate to the "making of a conscious choice"; instead, it requires "something more like . . . 'willful, deliberate, or evidence of bad faith.'" *Id.* (citation omitted). Said another way, a defendant's conduct is "culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698 (citations omitted).

There is no evidence here that Defendant's neglect—for there was clearly neglect—was the result of a malicious effort to thwart Plaintiffs' prosecution of this case or the judicial process more generally. The Court has no reason to doubt Defendant's sworn declaration regarding his ignorance of the legal system, lack of clarity as to the nature of the documents received, and

neglect to search for the documents upon his return to the country. The Court therefore concludes that the Defendant did not "engage[] in culpable conduct" for purposes of assessing the request to set aside default. *Mesle*, 615 F.3d at 1091.

### B. Meritorious Defense

A defendant seeking to set aside a default has a "minimal burden" to assert a meritorious defense. *Mesle*, 615 F.3d at 1094. "The movant 'need only demonstrate facts or law showing the trial court that a sufficient defense is assertible.'" *Maciel Builders LLC v. US Framing Int'l LLC*, 2020 WL 553942, at *3 (N.D. Cal. Feb. 4, 2020) (quoting *TCI Grp.*, 244 F.3d at 700). "'[T]he question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default." *Mesle*, 615 F.3d at 1094 (citation omitted).

Defendant attached to the pending Motion a proposed motion to dismiss the TAC and motion to strike. *See* Declaration of Scott R. Kanter ("Kanter Decl."), ECF No. 98-1, at Exh. A. The proposed 18-page brief includes developed arguments that each of Plaintiffs' claims brought against Dr. Lazar must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See id.* Without deciding on the merits of that motion,[1] which has yet to be filed as a moving paper, the Court finds that Defendant has articulated a sufficiently colorable defense for the purposes of meeting his "minimal burden" of asserting a meritorious defense. *See Maciel Builders*, 2020 WL 553942, at *3 (finding defendants moving to set aside clerk's entries of default had shown meritorious defense by joining other defendants' motion to dismiss complaint for failure to state a claim).

### C. Prejudice

The third factor the Court must consider in evaluating good cause to set aside default is "whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1091. "To be prejudicial, the setting aside of the judgment must result in greater harm than simply

---

[1] Plaintiffs' opposition to Defendant's assertion of a meritorious defense is in essence an opposition to the proposed motion to dismiss. *See* Opp. at 9–19. "[T]hat question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (citation omitted).

Case No.: 21-cv-00421-EJD
ORDER GRANTING MOTION TO SET ASIDE DEFAULT
5

delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701.  "The ordinary cost of litigating is simply not cognizable" as prejudice.  *Id.*  "[T]he standard is whether plaintiff's ability to pursue his claim will be hindered," such as by "loss of evidence" or "increased difficulties of discovery."  *Id.*

The Court notes at the outset that there has been no default judgment entered as to Defendant, and that the pending Motion therefore seeks to set aside the Clerk's entry of default rather than a default judgment.  This procedural fact alone would appear to greatly reduce any possible prejudice, as the case has not progressed to an extent where granting the Motion would "reopen[] the default judgment." *Mesle*, 615 F.3d at 1091.  Further, Plaintiffs do not point to any prejudice other than delay.  *See* Opp. at 19–21.  They first argue that they have been prejudiced because they did not discover Dr. Lazar as a defendant until October 2021, despite initiating this action in January 2021, but that is not germane to the question of whether setting aside default as to Defendant would prejudice Plaintiffs.  Plaintiffs also argue that Defendant's proposed motion to dismiss would need to be litigated if relief is granted, "further delaying the resolution of this case"; that Plaintiffs would have to "expend significant funds to conduct discovery since Defendant [] lives in Utah"; and that "additional funds will be required . . . to prove liability facts against Defendant."  *Id.* at 20.  Plaintiffs may be correct that "[t]his all would have been accomplished by now" if Defendant had not neglected to timely respond to the TAC, *id.*, but a delay in the resolution of the case—including the expenditure of the same funds that Plaintiffs would have incurred in the normal course of litigating the matter—is not prejudicial.[2]  *See TCI Grp.*, 244 F.3d at 701.  Plaintiffs also note that they will have to "now develop a discovery plan that includes Defendant Lazar's full participation in the litigation," but that too is an argument about delay.  *See* Opp. at 20.  The likelihood that fact discovery will need to be extended undoubtedly delays the resolution of the case, *see id.*, but this does not constitute such an "extreme circumstance" to justify a refusal to set aside default.  *See Mesle*, 615 F.3d at 1091.

Plaintiffs state that Defendant "offered no facts contrary to those in the operative

---

[2] Plaintiffs note that discovery is currently scheduled to close on June 30, 2023.  Opp. at 20.

complaint," and that this omission "demonstrate[s] how memories fade and evidence [was] lost" over the approximately nine months between Defendant's deadline to timely respond to the TAC and the filing of the Motion. Opp. at 21. Plaintiffs do not cite any specific facts suggesting, for example, any spoliation of evidence or any reason to doubt Defendant's memory. As noted above, the Court finds Defendant's proposed motion to dismiss a sufficient "meritorious defense" for the purpose of the default inquiry. Accordingly, the Court also finds that the submission of a fulsome proposed motion does not suggest any loss of evidence.

In sum, Plaintiffs argue that a lengthy period of time has passed since Mr. Smith passed away, and that Defendant's inclusion in the case will increase the time period between Mr. Smith's death and any resolution of the case. The Court is sympathetic to Plaintiffs' desire for resolution. However, the Court cannot find under the present circumstances that the delay caused by Defendant's poor handling of the summons is prejudicial to Plaintiffs' ability to prosecute their case against him on the merits and that it should therefore deny the request to set aside default. *See Falk*, 739 F.2d at 463 ("[A] case should, whenever possible, be decided on the merits.").

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS as follows:

1. Defendant's motion to set aside default is GRANTED.
2. Within seven days of the entry of this Order, Defendant shall file his response to Plaintiffs' Third Amended Complaint.
3. The Trial Setting Conference scheduled for June 1, 2023, is VACATED.
4. Within two weeks of the entry of this Order, the parties shall meet and confer and propose to the Court a revised case management schedule, including any necessary extension of the fact discovery deadline with respect to Defendant.

**IT IS SO ORDERED.**

Dated: May 26, 2023

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 21-cv-00421-EJD
ORDER GRANTING MOTION TO SET ASIDE DEFAULT
8