UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAMARIO SMITH, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SANTA CRUZ COUNTY, et al.,<br><br>　　　　Defendants. | Case No.   5:21-cv-00421-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 133 |

Plaintiff, Tamario Smith ("Smith"), through his Co-Successors-in-Interest Felicia Smith and Michael Warren-Smith (collectively "Plaintiffs"), brought this action against Defendants County of Santa Cruz, James Hart, Wellpath, LLC, Gerald Lazar ("Lazar"), and Does 4–50 (collectively "Defendants") alleging various Section 1983 claims and related state law claims arising from Smith's death while in pre-trial custody at the Santa Cruz County jail. Fourth Am. Comp. ("FAC"), ECF No. 130. Defendant Lazar individually filed the present motion to dismiss and strike on June 30, 2023. Def. Lazar's Mot. to Dismiss and Strike ("Mot. Dismiss and Strike"), ECF No. 133. Plaintiffs filed an opposition, and Lazar filed a reply. Pls.' Opp'n to Mot. Dismiss and Strike ("Opp'n"), ECF No. 137; Def.'s Reply in Support of Mot. Dismiss and Strike ("Reply"), ECF No. 138.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **DENIES IN PART** and **GRANTS IN PART** Lazar's motion to dismiss and strike.

Case No.: 5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
1

## I. BACKGROUND

### A. Factual Background

This case arises from the death of pre-trial detainee Tamario Smith ("Smith") at the Santa Cruz County jail.

While Plaintiffs brought this action against numerous defendants, the Court will only address facts related to Defendant Lazar's individual liability for the purposes of this Order. Lazar was the Santa Cruz County jail's only psychiatrist during Smith's period in custody until his death and a member of the Santa Cruz County jail Behavioral Health team. FAC ¶ 34.

Smith arrived in custody on January 30, 2020. *Id.* ¶ 31. On March 26, 2020, Smith was found incompetent to stand trial due to his extreme psychosis. *Id.* ¶¶ 34–38, 40. The medical reports related to his incompetency revealed that Smith suffered a severe level of psychosis due to schizophrenia, heard voices in his head, could not participate in his own criminal defense, lacked insight into his own condition, lacked the capacity to make well-reasoned medical decisions, and needed to be closely monitored in an inpatient psychiatric facility. *Id.*; *see also id.* at 2–3. However, Smith could not be transferred to an appropriate psychiatric facility due to the COVID-19 pandemic. *Id.* ¶ 40. Prior to his period in custody, Smith had a documented history of mental health issues, including being schizophrenic and psychotic, suffering from hallucinations, and experiencing several recent W&I code 5150 commitments for being a danger to himself and others. *Id.* ¶ 34. Smith also had a history of low blood sodium levels. *Id.*

On March 4, 2020, Lazar conducted his initial intake with Smith. *Id.* Based on this meeting, Lazar determined that Smith was a regularly hallucinating schizophrenic who suffered from bad auditory hallucinations. *Id.* Lazar prescribed Smith various psychotropic drugs. *Id.* Prior to prescribing these medications, Lazar did not order a routine blood panel or review Smith's prior medical history or court records determining his incompetency. *Id.* Plaintiffs allege that Lazar failed to conduct these actions in violation of industry standards and jail policies. *Id.* ¶ 195.

On March 11, 2020, Lazar conducted a second interview with Smith. *Id.* ¶ 36. Lazar determined that Smith's condition was not improving, so he prescribed an additional medication,

Case No.: 5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
2

Olanzapine. *Id.* Plaintiffs allege that Olanzapine is well documented to be associated with hyponatremia, which can result in death due to low blood sodium levels. *Id.* ¶ 32. Again, Lazar did not order a routine blood panel or review Smith's prior medical history or court records determining his incompetency prior to prescribing additional medication. *Id.* ¶ 36. Lazar scheduled a follow up in one week to determine the impact of the new medication. *Id.* However, Lazar never returned. *Id.*

Smith spent his last month alive in a non-discipline related isolation cell for 20–23 hours per day while receiving no mental health treatment. *Id.* at 6. Lazar did not provide the jail with input on Smith's cell placement in the jail. *Id.* ¶ 39. Plaintiffs allege that Lazar was required to provide input under the jail's policy. *Id.* ¶ 191. While in solitary, on April 21 and April 28, 2020, Smith suffered two neurologically related medical episodes showing signs of low blood sodium and over-hydration, which Plaintiffs allege are both symptoms of Olanzapine. *Id.* ¶ 39. Smith was also observed on camera drinking dirty mop bucket water containing toxic cleaning fluid and displaying signs of severe mental decompensation. *Id.* at 4. Lazar was not aware of these events. *Id.* ¶ 39. Without conducting a follow up interview or inquiring on Smith's status, Lazar reissued the same medications to Smith on April 29, 2020. *Id.* ¶ 39. Lazar's medical note contained no other treatment plan besides medication. *Id.*

On May 10, 2020, Smith died of hyponatremia and choking on his own vomit while unmonitored in solitary confinement. *Id.* at 4.

On January 15, 2021, Smith's parents filed this action on Smith's behalf as his co-successors in interest. The operative FAC alleges multiple violations of the Civil Rights Act, 42 U.S.C. § 1983; wrongful death under California Code of Civil Procedure § 377.60; violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132; violations of the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a); and common law negligence. Plaintiffs allege that Lazar, along with other defendants, intentionally failed to provide adequate mental health services to Smith.

### B.     Procedural Background

The Clerk of the Court entered default as to Lazar on March 16, 2022, based on his failure

1  to appear or otherwise respond within the time prescribed by Federal Rule of Civil Procedure 12.

2  Entry of Default, ECF No. 87.  On December 30, 2022, Lazar filed a Motion to Set Aside Default,

3  which the Court granted on May 23, 2023.  Order Setting Aside Default, ECF No. 120.  Shortly

4  after, Plaintiffs filed their FAC on June 14, 2023, and Lazar filed the present motion to dismiss on

5  June 30, 2023.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must construe the alleged facts in the light most favorable to the plaintiff.  *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.").  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.  DISCUSSION

### A.   Motion to Dismiss

Lazar argues that Plaintiffs have failed to plead facts sufficient to show liability under Section 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").

Case No.:  5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
4

The Court finds that Plaintiffs have met their pleading standard for their Section 1983 claims, but failed to plead facts to state a claim under the ADA and RA.

### 1. Section 1983 Liability

A pretrial detainee has a substantive due process right under the 14th Amendment to be protected from harm during custody. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016). As relevant here, that right may be violated by a defendant's failure to adequately address the detainee's medical needs. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019); *accord Estate of Vela v. Cty. of Monterey*, No. 16-CV-02375-BLF, 2018 WL 4076317, at *3 (N.D. Cal. Aug. 27, 2018). In this Circuit, such claims are "evaluated under an objective deliberate indifference standard." *Vasquez v. Cty. of Santa Clara*, 803 Fed. App'x 100, 102 (9th Cir. 2020) (quoting *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018)). Specifically, "the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125. With regard to the third element, the Ninth Circuit has explained that a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

The Court finds that Plaintiffs have adequately alleged these elements. First, the FAC alleges that Lazar had the authority to make decisions regarding Smith's healthcare and did in fact make the intentional decision to prescribe and re-prescribe Smith with various psychotropic medications. FAC ¶ 34. Second, the FAC alleges that prescribing these medications without ordering blood work, reviewing patient history, or properly monitoring Smith put Smith at substantial risk of harm, the harm being developing hyponatremia and dying. *Id.* Third, the FAC

Case No.: 5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
5

alleges that Lazar failed to take reasonable measures to abate this harm, such as ordering blood work before prescribing medication, reviewing medical history, and properly monitoring Smith. *Id.* The FAC alleges that the consequence of prescribing these medications without ordering blood work, reviewing medical history, and monitoring Smith was obvious given that Smith exhibited symptoms of a regularly hallucinating schizophrenic with bad auditory hallucinations during Lazar's initial evaluation, that peer-reviewed literature documented the prescribed medication as causing hyponatremia in patients, and that Smith was experiencing deteriorating mental health symptoms. *Id.* ¶¶ 34, 36. For those same reasons, the FAC alleges that a reasonable psychiatrist in this circumstance would appreciate the high risks involved with prescribing these medications to a patient in Smith's condition without conducting any research or properly monitoring the patient. *Id.* ¶ 39. Finally, the FAC alleges that Lazar's failure to order a blood panel, review Smith's medical history, and properly monitor Smith ultimately caused Smith's hyponatremia and death. *Id.*

    The Court finds Lazar's arguments to the contrary unpersuasive. As an initial matter, Lazar applied the wrong legal standard to evaluate inadequate medical care claims under Section 1983 in his opposition, conflating post-trial detainees with pre-trial detainees. Mot. Dismiss and Strike 9–10. The objective standard in *Gordon* for pretrial detainees displaced the prior subjective standard for prisoners claiming inadequate care. *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021). Apparently abandoning his reliance on this erroneous standard in his reply, Lazar essentially argues that these allegations resemble a mere negligence claim rather than Section 1983 claims. Reply 3–5. In order to plead that a reasonable official in these circumstances would have appreciated the high degree of risk involved, Lazar argues that Plaintiff is required to plead a host of additional facts, including: Lazar knew of the medical episodes where Smith exhibited symptoms of over-hydration; Lazar knew of Smith's Rhabdomyolysis diagnosis or any other physician's findings or medical diagnoses; Lazar knew that Smith was held to be incompetent to stand trial in his criminal case because he "lacked capacity to make well-reasoned decisions about his mental health"; and Lazar had a duty to classify or monitor inmates as an on-call psychiatrist,

Case No.: 5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
6

including controlling safety checks and cell conditions. *Id.* While it is true that these additional facts may strengthen Plaintiffs' claims, they are not necessary to meet Plaintiffs' pleading standard. Plaintiffs have plead facts to show that Lazar had actual knowledge of Smith's severe schizophrenia, inability to monitor his own conditions, and worsening mental health based on his own interview with Smith, which the Court finds sufficient at this stage to show that a reasonable official in those circumstances would have appreciated the high degree of risk involved.

The Court finds that Plaintiff plead facts sufficient to show that Lazar made an intentional decision regarding Smith's medical care that caused a risk of substantial harm to Smith, and Lazar failed to take reasonable available measures to abate the risk of substantial harm even though another reasonable psychiatrist would have done so. Therefore, Lazar's motion to dismiss claims 1–5 for failure to state a claim is **DENIED**.

### 2. ADA and RA Liability

To state a claim under Title II of the ADA, a plaintiff must allege that: (1) the plaintiff was an individual with a disability; (2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of L.A.*, 830 F.3d 1060 (9th Cir. 2016). To state a claim under Section 504 of the RA, a plaintiff must allege that: (1) the plaintiff is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Because of the similarities between the laws and remedies available, a complaint that properly

states a claim under Title II of the ADA also states a claim under Section 504 of the RA. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

The Court finds that Plaintiffs have failed to plead facts showing that Lazar discriminated against Smith by reason of his disability. Plaintiffs allege that Lazar knew that Smith was a person who was unable to understand his condition or verbalize his need for assistance, and he failed to accommodate Smith's inability to ask for care by either having regular appointments with him or putting a system in pace to monitor Smith. Opp'n 16–17. However, while Plaintiffs allege that Smith had a disability, and that he was denied appropriate mental health services, Plaintiffs do not allege any facts to support their claim that Lazar failed to accommodate Smith *because of* his disability. Instead, Plaintiffs rely on conclusory statements unsupported by facts in the complaint. *See, e.g., Regal v. Cnty. of Santa Clara*, No. 22-CV-04321-BLF, 2023 WL 2266135, at *7 (N.D. Cal. Feb. 27, 2023) (finding that the plaintiff's allegations of inadequate mental health services for a detainee with known suicidal ideations, without facts to show services were denied because of the decedent's disability, did not give rise to an ADA claim).

Therefore, the Court **GRANTS** Lazar's motion to dismiss Plaintiffs' claims under the ADA and RA with leave to amend.

### 3. Punitive Damages

Lazar urges the Court to dismiss Plaintiffs' requests for punitive damages under two theories: (1) Plaintiffs failed to follow state law procedure under California Code of Civil Procedure section 425.13, and (2) Plaintiffs failed to plead sufficient facts under Rule 12(b)(6).

First, that Court finds that Section 425.13 does not apply here. Section 425.13 provides that, in actions "arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing . . . [when] the plaintiff has established that there is a substantial

Case No.: 5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
8

1    probability that the plaintiff will prevail on the claim." Cal. Code Civ. Pro. § 425.13(a). Many

2    courts in this District have declined to impose this requirement in federal court on the ground that

3    Section 425.13 is a procedural rule that does not impact a plaintiff's substantive claim. *See, e.g.,*

4    *Masterson v. Cnty. of Alameda*, No. 19-CV-01625-PJH, 2019 WL 3290779, at *4 (N.D. Cal. July

5    22, 2019) (collecting cases); *Doe 1 v. Xytex Corp.*, Case No. 16-cv-02935-WHA, 2017 WL

6    1112996, at *8 (N.D. Cal. Mar. 24, 2017); *George v. Sonoma Cty. Sheriff's Dep't*, 732 F. Supp. 2d

7    922, 951 (N.D. Cal. 2010); *McKay v. Hageseth*, Case No. 06-cv-1377-MMC, 2006 WL 8443033,

8    at *8 (N.D. Cal. May 24, 2006); *Burrows v. Redbud Cmty. Hosp. Dist.*, 188 F.R.D. 356, 361 (N.D.

9    Cal. 1997); *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1353 (N.D. Cal. 1997). The Court agrees

10   with these findings and declines to require that Plaintiffs adhere to Section 425.13 in this action.

11         Second, while Lazar uses the language "strike" to request that the Court remove Plaintiff's

12   requests for punitive damages, Lazar correctly notes that the Ninth Circuit has held that Rule 12(f)

13   does not authorize a district court to strike a claim for damage. Mot. Dismiss and Strike 15.

14   Instead, Lazar attempts to dismiss Plaintiffs' requests for punitive damages under Rule 12(b)(6)

15   rather than Rule 12(f). *Id.* at 15–16. However, this theory also fails on the ground that "a

16   complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6)

17   because the prayer seeks relief that is not recoverable as a matter of law." *Saroya v. Univ. of the*

18   *Pac.*, 503 F. Supp. 3d 986, 1000 (N.D. Cal. 2020). While district court opinions can vary on this

19   matter, the Court's holding is widely shared by many district courts in this Circuit. *See, e.g.,*

20   *Hannan v. Cnty. of Los Angeles Fire Dep't*, No. 222CV04058MCSKES, 2023 WL 6194130, at *1

21   (C.D. Cal. Apr. 17, 2023); *Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. 2:22-CV-

22   08930-MCS-KS, 2023 WL 1931328, at *6 (C.D. Cal. Feb. 10, 2023) ("Rule 12(b)(6) is not an

23   appropriate vehicle to attain dismissal of a remedy sought in a pleading."); *Wheeler v. Cnty. of*

24   *Orange*, No. 820CV01264MCSDFM, 2022 WL 16951680, at *7 (C.D. Cal. June 22, 2022), *aff'd*,

25   No. 22-55662, 2023 WL 7381457 (9th Cir. Nov. 8, 2023); *Kev & Cooper, LLC v. Furnish My*

26   *Place, LLC*, No. 820CV01509MCSKES, 2021 WL 6618745, at *3 (C.D. Cal. Nov. 28, 2021)

27   ("Neither Rule 12(b)(6) nor Rule 12(f) authorizes dismissal of a prayer for damages in a

28   Case No.: 5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
9

pleading."); *Netlist Inc. v. Samsung Elecs. Co. Ltd.*, No. 8:20-cv-00993-MCS-ADS, 2021 U.S. Dist. LEXIS 245394, at *9 (C.D. Cal. Aug. 5, 2021); *Oppenheimer v. Southwest Airlines Co.*, No. 13-CV-260-IEG (BGS), 2013 WL 3149483 at *4 (S.D. Cal. June 13, 2013); *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007). Here, Plaintiffs' prayer for punitive relief is not an independent claim; it is a remedy where the Court has found the underlying claim is well-plead. Therefore, the Court will not address Lazar's arguments regarding striking Plaintiffs' prayer for punitive relief under his 12(b)(6) theory.

Therefore, the Court **DENIES** Lazar's request to strike the request for punitive damages.

### B.    Motion to Strike

Lazar urges the Court to strike his name from Plaintiffs' municipal liability claims and strike additional claims Lazar deems redundant. The Court will grant Lazar's request as to municipal liability but finds that Plaintiffs' claims are not redundant under Rule 12(f).

#### 1.    Municipal Liability

As an initial matter, the Plaintiffs have agreed to strike Lazar's name from claims 5 and 8, as those claims relate to municipal liability and Lazar is being sued in his individual capacity. Therefore, the Court **GRANTS** Lazar's request to strike his name from claims 5 and 8.

#### 2.    Redundant Claims

Lazar argues that Plaintiffs' Section 1983 claims for violation of due process, wrongful death, and right of association are all redundant to the claim for deliberate indifference to serious medical need because they all refer to the same constitutional violations, conduct, and damages. Mot. Dismiss and Strike 11. Lazar also argues that Plaintiffs' claim for negligence is redundant to the claim for wrongful death under California state law because they are both based on the same conduct. *Id.* at 12–13.

The Court rejects Lazar's arguments. It is well established that, pursuant to Rule 8(d), a plaintiff may allege alternative statements of claims and may state as many separate claims as the plaintiff would like. *See, e.g., Enriquez v. City of Fresno*, 2010 WL 2490969, at *7 (E.D. Cal. June 16, 2010) ("[A]lthough Plaintiffs' claims for negligence and wrongful death are pled from

Case No.: 5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
10

the same facts, wrongful death and negligence are, in the abstract, separate theories of recovery having separate elements. Thus, while the facts as currently pled may be indistinguishable as to both claims, the facts as fully developed following discovery may favor one claim over the other."); *see also, e.g., Mullins v. Cnty. of Fresno*, No. 121CV00405AWISAB, 2021 WL 5304015, at *8 (E.D. Cal. Nov. 15, 2021) (declining to find wrongful death and negligence claims based on the same conduct redundant) (collecting cases); *Est. of Silva v. City of San Diego*, No. 3:18-CV-2282-L-MSB, 2020 WL 6946011, at *12 (S.D. Cal. Nov. 25, 2020) (declining to find wrongful death and deliberate indifference claims based on the same conduct redundant). Apart from conclusory statements, Lazar has failed to show how the claims here are not separate theories of recovery, instead arguing that the claims are redundant because they share the same factual basis. However, claims are not redundant merely because they arise out of the same conduct.

Therefore, the Court **DENIES** Lazar's motion to strike claims 1, 3, 4, and 9.

## IV.  CONCLUSION

For the foregoing reasons, as to Defendant Lazar, the Court **GRANTS** Lazar's motion to dismiss claims 11 and 12 with leave to amend and strike his name from claims 5 and 8. *See Lopez*, 203 F.3d at 1127. The Court **DENIES** Lazar's motion to dismiss claims 1, 2, 3, 4, 9, and 10, strike Plaintiffs' prayer for punitive damages, and strike claims 1, 3, 4, and 10. Should Plaintiffs choose to file an amended complaint, they must do so by December 22, 2023.

**IT IS SO ORDERED.**

Dated:  December 1, 2023

EDWARD J. DAVILA
United States District Judge

Case No.:   5:21-cv-00421-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS AND STRIKE
11