UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAMARIO SMITH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No.　5:21-cv-00421-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRAIL ORDER BY MAGISTRATE JUDGE; DENYING MOTIONS TO MODIFY SCHEDULING ORDERS**<br><br>Re: Dkt. Nos. 223, 224, 227 |

There are three motions before the Court: (1) Plaintiffs' motion for relief from a non-dispositive pretrial order by a Magistrate Judge, filed April 29, 2026, ECF No. 223; (2) Defendant's motion to extend the deadline for dispositive motions and Daubert motions, filed May 7, 2026, ECF No. 224; and (3) Defendant's motion to extend financial discovery deadlines, filed May 11, 2026, ECF No. 227.  Plaintiffs oppose Defendant's motions.  ECF Nos. 226, 228.

For the reasons explained below, the Court **DENIES** all motions.

## I.　MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER BY A MAGISTRATE JUDGE

When reviewing a magistrate judge's non-dispositive order, this Court may set aside or modify parts of that order only when those parts are "clearly erroneous or [] contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  The clear error standard applies to the magistrate judge's factual findings.  *In re Cathode Ray Tube Antitrust Litig.*, No. 07-CV-05944-JST, 2022 WL 20611260, at *1 (N.D. Cal. Oct. 14, 2022).  Clear error occurs where the Court "is left with a definite and firm conviction that a mistake has been committed."  *Equal Emp.*

Case No.: 5:21-cv-00421-EJD
ORDER DEN. MOT. FOR RELIEF FROM M.J. ORDER; DEN. MOTS. TO MODIFY SCHEDULE
1

*Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (internal quotations and citation omitted).  Under the "contrary to law" standard, the Court reviews de novo the magistrate judge's legal conclusions as well as mixed questions of law and fact.  *H-E-B, LP v. Olympia Tools Int'l, Inc.*, No. 21-CV-0832-GPC-WVG, 2021 WL 3171890, at *1 (S.D. Cal. July 27, 2021).  A decision that "applies an incorrect legal standard or fails to consider an element of the applicable standard" is contrary to law.  *In re Cathode Ray Tube*, 2022 WL 20611260, at *1.

Plaintiffs challenge the Magistrate Judge's order denying their motion to compel production of the management services agreements between CFMG and Wellpath, as well as a Rule 30(b)(6) testimony regarding the same.  M.J. Order, ECF No. 220.  Plaintiffs' arguments focus largely on the Magistrate Judge's following finding:

> As to Plaintiffs' request for management services agreements and related testimony, the Court finds Plaintiffs have not made a sufficient showing, on the present record, that compelled production of confidential commercial agreements or Rule 30(b)(6) testimony concerning such agreements is proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

*Id.* ¶ 4.

Plaintiffs argue this finding is contrary to law for three reasons: (1) it misallocated the parties' burdens, (2) it adopted CFMG's confidentiality label without any Rule 26(c) analysis, and (3) it relies on non-binding and distinguishable case law.  The Court finds all three arguments unpersuasive.

First, Plaintiffs contend the Magistrate Judge's finding that "Plaintiffs have not made a sufficient showing" of proportionality improperly placed the onus on Plaintiffs to justify their discovery request.  The Court disagrees.  The Magistrate Judge's ruling properly applies Rule 26's limitation of discovery to "any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case*."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  As the Advisory Committee explained: "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amends.  Prior to finding the requested discovery

Case No.: 5:21-cv-00421-EJD
ORDER DEN. MOT. FOR RELIEF FROM M.J. ORDER; DEN. MOTS. TO MODIFY SCHEDULE
2

disproportional to the needs of the case, the Magistrate Judge noted CFMG's agreement to produce its complete 2022, 2023, and 2024 tax returns and a Rule 30(b)(6) deposition of the same. When reading the order in its totality, the Court finds the Magistrate Judge properly made his finding based on entire record and the input provided by both parties.

Next, Plaintiffs contend that the Magistrate Judge erroneously adopted CFMG's confidentiality label without any Rule 26(c) analysis—referring to the Magistrate Judge's characterization of the management services agreement as a "confidential commercial agreement[]." M.J. Order ¶ 4. However, the Magistrate Judge did not rest his finding on that designation; as discussed above, he denied the discovery request based on the finding that it was not proportional to the needs of the case.

Finally, Plaintiff argues the Magistrate Judge relied in error on *Overfield v. Wellpath Community Care, LLC*, No. 2:24-cv-0199-TLN-AC (E.D. Cal. Sept. 24, 2025). However, the Magistrate Judge's order does not reference this case. There is no indication that it was relied upon, let alone relied upon in error.

Accordingly, the Court **DENIES** Plaintiffs' motion for relief.

## II.    MOTIONS TO MODIFY SCHEDULING ORDERS

Rule 16(b)(4) requires a plaintiff to establish "good cause" to modify a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Under Rule 16(b), "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Ultimately, if the moving party was not diligent, "the inquiry should end." *Id.* Secondarily, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Id.*

Defendant filed two motions seeking to modify the Court's scheduling orders as to (1) the dispositive and Daubert motions deadline ("motions deadline"), and (2) the financial discovery deadlines. The Court denies both requests.

United States District Court
Northern District of California

### A.    Dispositive and Daubert Motions

The dispositive and Daubert motions deadline passed on February 6, 2026,[1] and expert discovery closed on December 26, 2025.  On March 16, 2026, the parties stipulated to extend discovery deadlines solely to depose Plaintiffs' causation expert, Ms. Goehring, due to scheduling conflicts.  ECF No. 209.  In their stipulation, the parties represented that the modification would "not impact any other deadlines set forth in the Court's scheduling order, including but not limited to dispositive motion deadlines, pretrial conference dates, or trial dates."  The Court granted the parties' stipulation on March 17, 2026.  ECF No. 211.  Defendant subsequently took Ms. Goehring's deposition on March 31, 2026.  Approximately five weeks later, on May 7, 2026, Defendant filed the present motion to extend the deadline for dispositive and Daubert motions.  Defendant argues good cause exists because it learned new information during Ms. Goehring's deposition.

The Court finds Defendant's lack of diligence fatal.  Despite having received Ms. Goehring's expert report on July 19, 2024, Defendant allowed the December 26, 2025, expert discovery deadline and February 6, 2026, motions deadline to pass knowing that it had not yet deposed Ms. Goehring.  At no time before these deadlines did Defendant file a motion to modify the scheduling order or motion to compel Ms. Goehring to sit for a deposition on a sooner date.  Nearly three months following the close of expert discovery, the Court allowed Defendant to depose Ms. Goehring based in part on its representation that this modification would "not impact any other deadlines set forth in the Court's scheduling order, including but not limited to *dispositive motion deadlines*, pretrial conference dates, or trial dates."  Then after taking her belated deposition, Defendant waited an additional five weeks before reneging this prior representation and filing the present request for an extension.  This motion now comes ninety days after the deadline Defendant wishes to modify, and Defendant has provided no justification for its conduct.

---

[1] While the parties both represent that the motions deadline was February 6, 2026, the Court's most recent order appears to set a February 27, 2026, deadline.  ECF No. 177.  Regardless, this does not alter the analysis.

Given Defendant's lack of diligence, the Court's inquiry ends here. *Johnson*, 975 F.2d at 608 (finding that if the moving party was not diligent, "the inquiry should end").

### B.    Discovery Deadlines

Following the Magistrate Judge's April 21, 2026, order permitting Plaintiff to depose CFMG's Rule 30(b)(6) witness regarding CFMG's tax returns, the parties filed a stipulation on April 28, 2026, setting the schedule for this and other financial discovery. ECF No. 221. This stipulation, which the Court granted on April 19, 2026, sets a May 15, 2026, deadline for this deposition to occur. ECF No. 222. On May 11, 2026, three days before the scheduled deposition and nearly two weeks following the parties' stipulation, Defendant filed the present motion to change this deadline from May 15, 2026, to June 15, 2026, and adjust remaining financial discovery deadlines accordingly.

The Court finds no good cause for such an eleventh-hour change. Not only did Defendant fail to act diligently in requesting an extension, but there is no valid justification to modify the schedule agreed upon by the parties only two weeks ago. Defendant cites the pending motion challenging the Magistrate's order as one justification to modify the schedule, but this argument is moot given the Court's order above. And regardless, even if the Court granted Plaintiffs' relief, this would not change Defendant's obligation to present its financial condition witness prior to the May 15, 2026, deadline. Defendant also contends that its Tennessee-based tax and accounting personnel are under increased workload pressures due to a storm in Tennessee which caused the IRS to extend the end-of-year tax deadlines to June 8, 2026. This also does not create good cause. The IRS extended these deadlines on April 3, 2026, and April 15, 2026. Defendant presumably knew of this change when it stipulated to the current schedule on April 28, 2026.

Accordingly, the Court **DENIES** Defendant's two motions to modify the Court's scheduling orders.

United States District Court
Northern District of California

**III.    CONCLUSION**

Based on the foregoing, the Court **DENIES** Plaintiffs' motion for relief from the non-dispositive pretrial order and **DENIES** Defendant's motions to modify the scheduling orders.

**IT IS SO ORDERED.**

Dated: May 12, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-00421-EJD
ORDER DEN. MOT. FOR RELIEF FROM M.J. ORDER; DEN. MOTS. TO MODIFY SCHEDULE
6