Elizabeth M. Caballero, SBN 240249
Jonathan Che Gettleman, SBN 243560
**CABALLERO & GETTLEMAN**
**LAW OFFICE, INC.**
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
EMAIL: cglaw2015@gmail.com

Attorneys for Plaintiffs,
Tamario Smith (deceased),
Felicia Smith, Michael Warren-Smith

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| TAMARIO SMITH, DECEASED, through his Co-Successors-in-Interest FELICIA SMITH, individually and MICHAEL WARREN-SMITH, individually,<br><br>Plaintiffs,<br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC.; WELLPATH, INC.; WELLPATH, LLC; WELLPATH MANAGEMENT INC.,<br><br>Defendants. | Case No. 5:21-cv-00421-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO PRECLUDE COMPARATIVE FAULT, REFERENCES TO SETTLEMENTS, AND BLAME-CASTING TO SETTLED OR DISMISSED DEFENDANTS**<br><br>Final Pretrial Conference: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br><br>Trial Date: July 20, 2026 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The remaining trial defendants are California Forensic Medical Group ("CFMG") and Wellpath, LLC (collectively, "Defendants"). The other parties Plaintiffs originally sued—the County of Santa Cruz, Sheriff Hart, and Dr. Lazar—have either settled or been dismissed and are no longer in the case. Plaintiffs' only remaining claims are 42 U.S.C. § 1983 *Monell* claim, 42 U.S.C. § 1983 deprivation of the Right of Association and Title II of the Americans with Disabilities Act. Plaintiffs respectfully move under Federal Rules of Evidence 401, 402, 403, and 408, and the Court's inherent authority to manage the course of trial, *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), to preclude Defendants from (i) introducing comparative-fault evidence or argument, (ii) referencing the settlements with the County, Hart, or Lazar, and (iii) casting blame on any settled or dismissed defendant in order to diminish Defendants' liability on the remaining federal claims.

This motion is not a Daubert motion and seeks no ruling under Fed. R. Evid. 702. It addresses three related and well-defined and related trial problems. First, comparative fault is a state-law negligence-apportionment doctrine that has no operation on Plaintiffs' remaining federal claims because each of those claims requires culpability exceeding negligence. Second, evidence of the settlements with the County, Hart, and Lazar is categorically inadmissible under Fed. R. Evid. 408. Third, blame-casting to settled or dismissed defendants—whether framed as comparative fault, "empty-chair" argument, or otherwise—invites the jury to apportion responsibility under a state-tort framework the governing federal causation rules do not adopt, and would unfairly prejudice Plaintiffs and confuse the jury under Fed. R. Evid 403.

## II. RELEVANT BACKGROUND

Tamario Smith was twenty-one years old, severely mentally ill, and had been declared incompetent to stand trial under California Penal Code § 1370 on March 26, 2020. He died on May 10, 2020, in the M-Unit of the Santa Cruz Main Jail. CFMG and Wellpath were the designated health authority responsible for his care. Plaintiffs originally asserted claims against the County of Santa Cruz, Sheriff Hart, Dr. Lazar, CFMG, and Wellpath. The County, Hart, and Lazar have since settled or been dismissed and are no longer parties. (ECF 186 Order granting dismissal of Defendants County of Santa Cruz, Sheriff James Hart,

Gerald Lazar, M.D.). The only claims remaining for trial are Plaintiffs' federal claims against CFMG and Wellpath.

## III. ARGUMENT

### *A. Comparative Fault Has No Operation on the Remaining Federal Claims Because Each Requires Culpability Exceeding Negligence.*

Comparative fault is a state-law negligence-apportionment doctrine that allocates damages among actors based on their respective *negligent* contributions to an injury. It is, therefore, incompatible with each of Plaintiffs' remaining federal claims, because none of them can rest on mere negligence.

Under § 1983, the Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986); accord *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986). "[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution[.]" *Daniels*, 474 U.S. at 333. And the Court has been explicit that "[§] 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Plaintiffs' *Monell* claim is governed by an independent federal causation standard. A municipal or entity defendant is liable under § 1983 only where execution of its policy, custom, or practice is the moving force behind the constitutional deprivation, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), with "a direct causal link between [the entity's] policy or custom and the alleged constitutional deprivation," *City of Canton v. Harris*, 489 U.S. 378, 385 (1989), adopted or maintained with deliberate indifference to the constitutional rights at stake, *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *City of Canton*, 489 U.S. at 389. The Ninth Circuit has confirmed that "[m]ere negligence in training or supervision … does not give rise to a *Monell* claim." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)).

Plaintiffs' ADA Title II damages claims require the same. "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference—"knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. County*

*of Kitsap*, 260 F.3d 1124, 1138–39 (9th Cir. 2001). The Ninth Circuit emphasized that "a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* at 1139.

Comparative fault has no role in this architecture. Where every claim Plaintiffs may submit to the jury requires culpability exceeding negligence, allocating responsibility based on negligence among parties—present or absent—is doctrinally incoherent. The federal causation framework is not displaced by a state apportionment rule borrowed from tort law.

***B. References to the Settlements with the County, Hart, and Lazar Are Categorically Inadmissible Under Rule 408.***

Fed. R. of Evid. 408(a) prohibits the admission of "[e]vidence of … furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim," and "conduct or a statement made during compromise negotiations about the claim," when offered "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a)(1)-(2). The Rule's purpose is twofold: to encourage settlement, and to preclude juries from drawing the often-mistaken inference that settlement signals liability or fault.

None of the limited Rule 408(b) exceptions applies. Defendants have no need to use the County's, Hart's, or Lazar's settlements to prove bias, negate undue delay, or rebut obstruction. The motion accordingly seeks a categorical bar on reference to those settlements—whether direct, indirect, by inference, or by argument suggesting that another party "resolved the case" or "was already responsible."

***C. Blame-Casting to Settled or Dismissed Defendants Is Irrelevant and Unfairly Prejudicial Under FRE 401–403.***

Beyond Fed. R. Evid. 408, blame-casting to settled or dismissed defendants fails the basic relevance test. Evidence is relevant only if it has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

The facts of consequence on Plaintiffs' remaining claims are whether CFMG's and Wellpath's policies, customs, and practices were the moving force behind the constitutional deprivation and were adopted or maintained with deliberate indifference, *Monell*, 436 U.S. at 694; *City of Canton*, 489 U.S. at

385, 388, and whether CFMG's and Wellpath's conduct constituted intentional discrimination under the deliberate-indifference standard for Title II damages, *Duvall*, 260 F.3d at 1138–39. Whether the County, Hart, or Lazar was also at fault, in some unallocated tort-law sense, does not move any of those needles. The *Monell* inquiry is not relieved by others' conduct; it is satisfied or not on the proof of CFMG's and Wellpath's policies and their causal role.

Even if a sliver of relevance could be located, Fed. R. Evid 403 forecloses the argument. Rule 403 permits exclusion where probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. The prejudice inquiry asks whether the evidence has "an undue tendency to suggest decision on an improper basis[.]" *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Inviting the jury to weigh the fault of dismissed claims against absent settled defendants compared to the conduct of CFMG and Wellpath would (i) substitute a state tort-apportionment rule for the federal causation standards that govern; (ii) tempt the jury to discount Defendants' liability based on a comparative judgment the law does not authorize; (iii) re-try claims already resolved against parties no longer in the case; and (iv) divert the jury's attention from the moving-force, deliberate-indifference questions actually before it. Each of those is a paradigm Rule 403 harm.

**IV. REQUESTED RELIEF**

Plaintiffs respectfully request an order providing that, at trial, Defendants, their counsel, and their witnesses (lay and expert) shall not:

(1) argue, suggest, elicit testimony, or invite jury inference that any party's liability or damages on Plaintiffs' remaining federal claims should be allocated, apportioned, reduced, or otherwise determined under a comparative-fault, contributory-negligence, or other state-law apportionment framework;

(2) reference, refer to, or elicit testimony or argument regarding—directly or by implication—the fact, existence, terms, amount, or substance of any settlement or compromise with the County of Santa Cruz, Sheriff Hart, Dr. Lazar, or any other party or person, including by stating or implying that any such party "resolved" the case, "already paid," "was dismissed," or is no longer in the case for reasons that suggest liability or its absence;

(3) argue, suggest, or elicit testimony that the County of Santa Cruz, Sheriff Hart, Dr. Lazar, or any other settled or dismissed defendant or non-party was at fault, was negligent, was responsible, or otherwise should bear or share liability for the constitutional injury, decedent's death, or any other harm to Plaintiffs in order to diminish or defeat Defendants' own liability on the remaining federal claims; or

(4) request or propose any jury instruction, special verdict question, or verdict form that calls upon the jury to apportion fault among CFMG, Wellpath, and any settled, dismissed, or non-party actor under a comparative-fault or contributory-negligence framework.

This motion does not seek to exclude (i) factual evidence concerning the conduct of County employees, Lazar, or other actors that is independently relevant to whether CFMG's and Wellpath's policies, customs, and practices were the moving force behind the constitutional deprivation or were adopted or maintained with deliberate indifference; (ii) appropriate cross-examination of witnesses about their personal observations or knowledge; or (iii) evidence offered for a purpose Rule 408(b) expressly permits. Plaintiffs propose that, if and to the extent the Court permits any conduct evidence concerning settled or dismissed parties, that evidence be received subject to a limiting instruction directing the jury that it may not allocate fault to any non-party and that the only liability questions before it are those concerning CFMG and Wellpath under the federal standards the Court will give. For the foregoing reasons, Plaintiffs respectfully request that the motion be granted.

Dated: June 4, 2026

**CABALLERO & GETTLEMAN LAW OFFICE, INC.**

By: *Jonathan Gettleman*

Jonathan Che Gettleman
Elizabeth M. Caballero,
Attorneys for Plaintiffs