Elizabeth M. Caballero, SBN 240249
Jonathan Che Gettleman, SBN 243560
**CABALLERO & GETTLEMAN**
**LAW OFFICE, INC.**
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
EMAIL: *cglaw2015@gmail.com*

*Attorneys for Plaintiffs,*
*Tamario Smith (deceased),*
*Felicia Smith,*
*Michael Warren-Smith*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| TAMARIO SMITH, DECEASED, through his Co-Successors-in-Interest FELICIA SMITH, individually and MICHAEL WARREN-SMITH, individually,<br><br>Plaintiffs,<br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC.; WELLPATH, INC.; WELLPATH, LLC; WELLPATH MANAGEMENT INC.;,<br>Defendants. | Case No. 5:21-cv-00421-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE ANY PLAINTIFF'S PRIOR CRIMINAL HISTORY, FRE 404, AND INCLUDING ANY CRIMINAL HISTORY MORE THAN 10 YEARS OLD UNDER FRE 609(b)**<br><br>Final Pretrial Conference: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br>Trial Date: July 20, 2026 |

## I. INTRODUCTION

Plaintiffs move to exclude any reference, evidence, argument, or insinuation by Defendants California Forensic Medical Group, Inc. and Wellpath LLC (together, "CFMG/Wellpath") concerning any plaintiffs’ prior criminal history — and in particular any criminal history more than ten years old. Tamario Smith is deceased and will not testify; his prior history is not Fed. R. Evid. 609 impeachment material but pure propensity evidence barred by Fed. R. Evid. 404(b). Felicia Smith and Michael Warren-Smith are subject to Fed. R. Evid. 609(a)'s limited impeachment provisions, with the heightened reverse-balancing standard of Rule 609(b) applying to any conviction more than ten years old. The Ninth Circuit has held

that >10-year convictions are admitted "very rarely and only in exceptional circumstances." *United States v. Bensimon*, 172 F.3d 1121, 1126 (9th Cir. 1999). Defendants cannot meet that bar.

## II. RELEVANT BACKGROUND

Tamario Smith was twenty-one, schizophrenic, adjudged incompetent to stand trial on March 26, 2020. He died on May 10, 2020, in the M-Unit of the Santa Cruz Main Jail. CFMG/Wellpath was the contractually designated responsible health authority. Plaintiffs are Tamario (through his co-successors), Felicia Smith (Tamario's mother), and Michael Warren-Smith (Tamario’s father). The operative theories are §1983 Monell, §1983 Deprivation of the Right of Association, and ADA Title II— each of which turns on CFMG/Wellpath's policies, customs, training, and conduct toward Tamario as a patient and as a person with a disability. None of those theories depends on any plaintiff’s criminal history.

Plaintiffs anticipate that Defendants will attempt to introduce — by direct, cross, exhibit, or argument — Tamario's prior arrests or convictions; the Smith family members' criminal histories (if any exist); and any conviction more than ten years old of any plaintiff. The purpose can only be propensity: to suggest the jury should care less about a death that happened to someone with a criminal record, or to attack the credibility of grieving family members without meeting the reverse-balancing standard Fed. R. Evid. 609(b) imposes.

## III. ARGUMENT

### A. Rule 609 does not apply to Tamario Smith because he will not testify; his prior history is pure character/propensity evidence excluded by Rule 404.

Rule 609 governs only impeachment of a witness's character for truthfulness. Fed. R. Evid. 609(a). Tamario will not testify; Rule 609 is therefore inapplicable to him by its own terms. The only theory under which his prior criminal history could enter is as character or propensity evidence, which Rule 404 categorically forbids. Tamario's deliberate-indifference and ADA claims do not turn on his character or

criminal record; they turn on CFMG/Wellpath's obligations toward him as an inmate-patient. The constitutional standard does not change based on the patient's criminal record. See *Old Chief v. United States*, 519 U.S. 172, 180–81, 185 (1997) ("unfair prejudice" under Rule 403 is the tendency to invite decision on an "improper basis," including "generalizing a defendant's earlier bad act into bad character").

**B. Felicia Smith's and Michael Warren-Smith's prior history is subject to Rule 609(a)'s limits — and to Rule 609(b)'s heightened reverse-balancing standard for any conviction more than ten years old.**

For testifying witnesses, Rule 609(a)(1) permits impeachment with felony convictions only "subject to Rule 403," applied through the Ninth Circuit's five-factor balancing test of *United States v. Cook*, 608 F.2d 1175, 1185 & n.8 (9th Cir. 1979) (en banc)(overruled on other grounds): (1) impeachment value of the prior crime; (2) timing and the witness's subsequent history; (3) similarity between past crime and matters at issue; (4) importance of the witness's testimony; and (5) centrality of credibility. The *Cook* factors weigh decisively against admission: any prior crime has minimal impeachment value as to truthfulness; the matters at issue (a wrongful death of a family member) bear no similarity to any conceivable prior history; testimony will be primarily about damages, where credibility is not the central issue; and the prejudice of framing grieving family members as people with criminal records is overwhelming. See *United States v. Bagley*, 772 F.2d 482, 487–88 (9th Cir. 1985).

Fed. R. Evid. 609(b) imposes a separate, heightened bar on any conviction more than ten years old. Such convictions are admissible only if (1) the probative value, "supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and (2) the proponent gave "reasonable written notice" to the adverse party. Fed. R. Evid. 609(b). The Ninth Circuit has repeatedly emphasized that this is a reverse-balancing test under which >10-year convictions "should be admitted very rarely and only in exceptional circumstances." *Bensimon*, 172 F.3d at 1126; *United States v. Hursh*, 217 F.3d 761,

768 (9th Cir. 2000) (same standard). And in *Simpson v. Thomas*, 528 F.3d 685, 690–92 (9th Cir. 2008) — a §1983 prisoner case in which the district court "inverted" the Rule 609(b) standard by requiring prejudice to outweigh probative value rather than the reverse — the Ninth Circuit reversed for a new trial. Defendants have not given the written notice Rule 609(b) requires, and they cannot make the heightened reverse-balancing showing on the record of this wrongful-death case. Any conviction of any plaintiff that is more than ten years old is, on this record, excluded.

**C. Fed. R. Evid. 403, Rule 404(b), and Rule 608(b) independently bar Defendants from using prior history through any other vehicle.**

Apart from Fed.R.Evid. 609, Defendants will be foreclosed from the same conduct under multiple converging rules. Rule 404(b)(1) prohibits the use of any prior crime, wrong, or act to prove a person's character in order to show conformity. Rule 608(b) prohibits proof of specific instances of a witness's prior conduct by extrinsic evidence and limits inquiry to cross-examination and only as to character for truthfulness — and even then, only at the court's discretion. And Rule 403 independently requires exclusion where probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Each of these rules supplies an independent basis for the requested order.

**D. Boyd v. City and County of San Francisco does not control.**

Defendants may rely on *Boyd v. City and County of San Francisco*, 576 F.3d 938, 948–49 (9th Cir. 2009), an excessive-force case admitting a §1983 decedent's prior history. *Boyd* does not control here for three reasons. First, *Boyd* turned on *Graham v. Connor* "objective reasonableness" — the officer's contemporaneous perception was the constitutional touchstone which turned on Rule 404(b) exceptions, where defendants alleged that it was plaintiff’s plan, motive, intent, to commit suicide by cop. The deliberate-indifference, Monell, ADA standards at issue here turn on CFMG/Wellpath's policies, customs,

and institutional conduct toward Tamario as a patient — not on any individual officer's contemporaneous perception reading the plaintiff’s violent past. Second, the Wellpath/CFMG providers had no documented contemporaneous awareness of Tamario's prior criminal history bearing on any medical decision. Third, *Boyd* addressed the decedent only — not co-plaintiffs to whose characters Rule 609(a)–(b) directly apply.

## IV. CONCLUSION

Tamario will not testify; his prior history is propensity evidence barred by Rule 404. Felicia's and Michael's prior history (if any) is subject to *Cook* balancing and to Rule 609(b)'s reverse-balancing standard for any conviction more than ten years old. Defendants cannot satisfy either standard and have not given Rule 609(b)'s required written notice. The motion should be granted.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter an order in limine directing as follows:

1. Defendants CFMG/Wellpath — through counsel, lay witnesses, retained experts, exhibits, or any other vehicle, and in opening statement, voir dire, direct examination, cross-examination, redirect, closing argument, or rebuttal — shall not refer to, introduce, elicit, or argue from any arrest, charge, conviction, plea, incarceration, probation, parole, or specific bad act of Tamario Smith for any purpose. Fed.R.Evid. 609 does not apply to him because he will not testify; the only use of such evidence would be improper propensity character evidence prohibited by Rule 404(a)–(b).

2. Defendants shall not refer to, introduce, elicit, or argue from any arrest, charge, conviction, plea, incarceration, probation, parole, or specific bad act of Felicia Smith or Michael Warren-Smith. Any felony conviction proffered for impeachment under Fed.R.Evid. 609(a)(1) is excluded under the Cook five-factor balancing test; no "crime of dishonesty or false statement" warranting automatic admission under Rule 609(a)(2) has been identified or disclosed.

3. Any conviction of any plaintiff that is more than ten years old (measured from the later of the date of conviction or the date of release from confinement, per Fed.R.Evid. 609(b)) is excluded. Defendants have not given the "reasonable written notice" Rule 609(b) requires and cannot establish that any such conviction's probative value, "supported by specific facts and circumstances, substantially outweighs its prejudicial effect."

4. Defendants shall not, through cross-examination under Fed.R.Evid. 608(b) or otherwise, inquire into specific instances of any plaintiff's prior conduct as a means of circumventing this order. Inquiry under Rule 608(b) requires a prior judicial determination that the conduct is probative of character for truthfulness and satisfies the Court's discretion. Defendants shall first raise any such intended inquiry with the Court outside the presence of the jury.

5. This order does not preclude Defendants from introducing facts of Tamario's prior bookings at the Santa Cruz County Jail to the limited extent those facts bear independently on CFMG/Wellpath's medical or mental-health knowledge of him as a patient (e.g., prior receiving-screening records or prior medical encounters in the CFMG/Wellpath system), provided that use is limited to that medical-knowledge purpose and not used as character or propensity evidence.

6. Defense counsel shall instruct all witnesses, experts, and trial-team personnel of this order in advance of trial. Violations shall be addressed by curative instruction, sanction, or mistrial under Federal Rule of Civil Procedure 61.

Dated: June 4, 2026 **CABALLERO & GETTLEMAN LAW OFFICE, INC**.

By: Jonathan Gettleman
JONATHAN GETTLEMAN
ELIZABETH CABALLERO
Attorneys for Plaintiffs