Elizabeth M. Caballero, SBN 240249
Jonathan Che Gettleman, SBN 243560
**CABALLERO & GETTLEMAN**
**LAW OFFICE, INC.**
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
EMAIL: *cglaw2015@gmail.com*

*Attorneys for Plaintiffs,*
*Tamario Smith (deceased),*
*Felicia Smith,*
*Michael Warren-Smith*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| TAMARIO SMITH, DECEASED, through his Co-Successors-in-Interest FELICIA SMITH, individually and MICHAEL WARREN-SMITH, individually,<br><br>Plaintiffs,<br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC.; WELLPATH, INC.; WELLPATH, LLC; WELLPATH MANAGEMENT INC.,<br>Defendants. | Case No. 5:21-cv-00421-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT OR OPINION THAT PRETRIAL DETAINEES ARE NOT ENTITLED TO THE SAME STANDARD OF MEDICAL CARE AS THE GENERAL COMMUNITY**<br><br>Final Pretrial Conference: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br>Trial Date: July 20, 2026 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. RELEVANT BACKGROUND

The remaining trial defendants are California Forensic Medical Group ("CFMG") and Wellpath, LLC, the contract medical providers for the Santa Cruz County Main Jail. Plaintiffs' claims include a claims under 42 U.S.C. § 1983 for Deprivation of the Right to Association and Monell and claims under Title II of the ADA and the Rehabilitation Act.

Plaintiffs anticipate that Defendants will attempt—through cross-examination, argument, and expert testimony—to suggest that the Constitution and the applicable professional standard of care permit a categorically lower level of medical care for jail inmates than is provided in the community. This "two-

tier" framing typically appears in the form of statements that "jail is not the community," that "inmates are not entitled to the same care as paying patients," or that resource limitations excuse care that would otherwise fall below the professional standard. Plaintiffs seek only to preclude evidence, argument and opinions that the governing legal or professional standard itself is lower for jail inmates than for the community.

## II. ARGUMENT

### *A. Plaintiffs' Claims Against CFMG/Wellpath Proceed Under 42 USC §1983 14th Amendment and Monell; Entity Liability Is Measured Against the Constitutional Standard, Not a Lower "Jail Standard."*

Plaintiffs' § 1983 claims against CFMG/Wellpath are grounded in the 14th Amendment of the United States Constitution and Monell. An entity defendant is liable under § 1983 only where execution of its policy, custom, or practice is the moving force behind a deprivation of federal rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The doctrine applies to private entities like CFMG and Wellpath that perform a public function—here, providing constitutionally required medical care in a county jail. See *West v. Atkins*, 487 U.S. 42, 54–57 (1988); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). At trial, Plaintiffs will advance four Monell theories: (1) collective inaction by CFMG/Wellpath practitioners; (2) CFMG/Wellpath's failure to monitor Mr. Smith through systemic intake-screening and chronic-care gaps; (3) CFMG/Wellpath's failure to operate communication systems as the contracted Health Authority among jail mental-health staff, and outside providers; and (4) CFMG/Wellpath's failure to train staff or implement adopted safeguards. Each theory is measured against the federal constitutional standard.

That underlying constitutional standard, for the Fourteenth Amendment claim a pretrial detainee asserts, is objective. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Castro v. County of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). Nothing in those authorities, and nothing in Monell or the Ninth Circuit cases applying it, recognizes a separate, reduced "jail standard" of medical care to which detainees are constitutionally relegated. The benchmark is what a reasonable official in the circumstances would have done.

For Monell purposes, Plaintiffs must prove that CFMG/Wellpath adopted or maintained the policies, customs, and practices identified in the four themes with deliberate indifference to the constitutional rights at stake. *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference at the entity level is the "conscious choice to disregard a known or obvious consequence" of the entity's policies. 9th Cir. Model Civil Jury Instr. 9.8. "Mere negligence in training or supervision … does not give rise to a Monell claim." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)). A two-tier framing of medical care—that detainees, as a class, are entitled to less than the constitutional standard requires—would import a defense into the 14th Amendment and Monell analysis that the rules of liability do not recognize, and would invite the jury to evaluate the four Monell themes against a benchmark the Constitution does not permit.

***B. Two-Tier Framing Misstates the Governing Law, Invades the Court's Province, and Is Irrelevant Under FRE 401–402.***

The constitutional standard governing Plaintiffs' Fourteenth Amendment claim, and the Monell rules of entity liability against CFMG/Wellpath, are questions of law for the Court—and only the Court—to articulate to the jury. "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)). Whether detainees are entitled to a lower standard of medical care than members of the community is therefore not a "fact of consequence" the jury will decide. See Fed. R. Evid. 401. Testimony, argument, or commentary—by counsel or by any witness—that purports to instruct the jury on a different (or lower) legal standard than the constitutional minimum that anchors the 14th Amendment and Monell analysis has no permissible tendency to make any fact of consequence more or less probable, see Fed. R. Evid. 402; it can only confuse the jury about the law the Court will give them. Cf. *Nationwide Transp. Fin.*, 523 F.3d at 1058–59 (affirming exclusion of witness testimony, whether characterized as expert or lay opinion, that purported to instruct the trier of fact on the proper legal interpretation of the UCC).

This is not a request to exclude testimony about the medical standard of care, which Plaintiffs' experts will offer. Standard-of-care evidence is relevant to whether CFMG/Wellpath's policies, customs,

and practices fell below the constitutional minimum and whether those policies were adopted or maintained with deliberate indifference. What is not relevant is testimony or argument that the legal or professional standard is lower because the patient is in jail. Such evidence does not bear on what a reasonable provider in the circumstances would have done; it asks the jury to apply a different rule than the one Monell and the Fourteenth Amendment supply.

***C. The Two-Tier Framing Should Be Excluded Under FRE 403.***

Even if marginally relevant, evidence and argument that pretrial detainees as a class deserve lower-quality care than non-incarcerated patients should be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the risks of unfair prejudice, confusing the issues, and misleading the jury. *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

The risk of confusion is acute. The jury will be instructed by the Court that the constitutional standard governing Plaintiffs' Fourteenth Amendment claim is objective, and that the Monell standard for CFMG/Wellpath's liability is deliberate indifference to a known or obvious consequence. If defense counsel or defense witnesses are simultaneously permitted to assert that a different, lower standard applies because Mr. Smith was incarcerated, the jury will be left to choose between competing statements of the law. That is precisely the harm Rule 403 protects against. The risk of unfair prejudice is also substantial: framing Mr. Smith as a class of person entitled to less care invites the jury to discount his rights on the basis of his custodial status—the very prejudgment the Fourteenth Amendment and *Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979), forbid (pretrial detainees may not be "punished" prior to adjudication of guilt).

## III. REQUESTED RELIEF

Plaintiffs respectfully request an order precluding Defendants, their counsel, and their witnesses (lay and expert) from offering at trial any evidence, argument, question, or opinion that:

(1) asserts or implies that pretrial detainees, as a class, are constitutionally or professionally entitled to a lower standard of medical care than members of the general community;

(2) characterizes the legal standard governing Plaintiffs' Fourteenth Amendment Monell claim as anything other than the constitutional minimum recognized in *Bell v. Wolfish*, 441 U.S. at 535 & n.16, applied through the Monell entity-liability framework, see *Monell*, 436 U.S. at 694, with

deliberate indifference as the standard of culpability, *Connick*, 563 U.S. at 61; *City of Canton*, 489 U.S. at 388; and

(3) consists of testimony—by any witness, expert or lay—or argument by counsel that purports to instruct the jury on the constitutional or Monell standard or that is premised on the existence of a categorically lower "jail" standard of medical care.

This motion does not seek to exclude (i) testimony that the jail is a different operational setting; (ii) standard-of-care testimony from properly qualified correctional-medicine experts that addresses what a reasonable provider in the circumstances would have done; or (iii) appropriate evidence regarding the resources and security context in which care was delivered. For the foregoing reasons, Plaintiffs respectfully request that the motion be granted.

Dated: June 4, 2026 **CABALLERO & GETTLEMAN LAW OFFICE, INC**.

By: *Jonathan Gettleman*
JONATHAN GETTLEMAN
ELIZABETH CABALLERO
Attorneys for Plaintiffs