Elizabeth M. Caballero, SBN 240249
Jonathan Che Gettleman, SBN 243560
**CABALLERO & GETTLEMAN**
**LAW OFFICE, INC.**
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
EMAIL: *cglaw2015@gmail.com*

*Attorneys for Plaintiffs,*
*Tamario Smith (deceased),*
*Felicia Smith,*
*Michael Warren-Smith*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| TAMARIO SMITH, DECEASED, through his Co-Successors-in-Interest FELICIA SMITH, individually and MICHAEL WARREN-SMITH, individually,<br><br>Plaintiffs,<br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, WELLPATH, LLC,<br>Defendants. | Case No. 5:21-cv-00421-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE ARGUMENT, EVIDENCE OR REFERENCE TO NEGLIGENCE AS A LEGAL STANDARD**<br><br>Final Pretrial Conference: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br>Trial Date: July 20, 2026 |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I. INTRODUCTION**

Plaintiffs respectfully move in limine for an order precluding Defendants California Forensic Medical Group ("CFMG") and Wellpath, LLC (collectively, "Defendants"), their counsel, and their witnesses from arguing, eliciting testimony, or otherwise characterizing Defendants' conduct or the governing legal standard as "negligence," "mere negligence," "simple negligence," or any substantially similar formulation, during voir dire, opening, witness examination, or closing. The motion rests on Federal Rules of Evidence 401, 402, and 403, and on the Court's inherent authority to manage the course of trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

This case proceeds under 42 U.S.C. § 1983, 14th amendment right to association and Monell, the Americans with Disabilities Act, and the Rehabilitation Act, arising from the in-custody death of Tamario

Smith—a pretrial detainee found incompetent to stand trial under California Penal Code § 1370. The governing constitutional standard is objective deliberate indifference under *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018), which expressly requires "more than negligence." *Castro v. County of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Negligence is not a cognizable theory under § 1983, has not been pleaded by any party, and cannot support a verdict. Yet Defendants are expected to characterize their conduct as "merely negligent" in order to invite the jury to use an unpled, non-applicable legal label as a cognitive off-ramp. That framing should be excluded.

This is not a challenge under Federal Rule of Evidence 702 to the reliability, qualifications, or admissibility of any opinion, and Plaintiffs request no such ruling. The motion presents only the question whether an inapplicable legal label may be placed before the jury.

## II. ARGUMENT

### *A. Negligence Is Not a Cognizable Theory Under § 1983 and Is Irrelevant Under FRE 401–402.*

The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986).

In the pretrial-detainee context that governs this case, the Ninth Circuit, sitting en banc, has held that the Fourteenth Amendment standard requires the plaintiff to "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071. That standard was extended to inadequate medical-care claims in *Gordon*, 888 F.3d at 1124–25, and reaffirmed in *Sandoval v. County of San Diego*, 985 F.3d 657, 662 (9th Cir. 2021), and *Alexander v. Nguyen*, 78 F.4th 1140, 1145 (9th Cir. 2023) ("The plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard.").

Plaintiffs' Monell claim is no different. Failure to provide medical care (collective inaction), failure to monitor, failure to communicate, failure-to-train and/or supervise liability requires deliberate indifference. *Gordon*, 888 F.3d at 1124–25, *Fairley v. Luman,* 281 F.3d 913, 916–17 & n.4 (9th Cir. 2002), *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), *Hunter v. County of Sacramento,* 652 F.3d 1225 (9th Cir. 2011). The Ninth Circuit has been explicit: "Mere

negligence … does not give rise to a Monell claim." *Dougherty v. City of Co*vina, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)).

Because no party has pleaded a negligence claim and negligence cannot support a verdict on any pleaded claim, evidence or argument framed in negligence terms has no permissible tendency to make any fact of consequence more or less probable. Fed. R. Evid. 401–402.

***B. Negligence Is Not a Lesser-Included Finding Within Deliberate Indifference; Inviting the Jury to Treat It as One Is Confusing and Misleading Under FRE 403.***

That the deliberate-indifference standard requires "more than negligence" does not make negligence a separate verdict category the jury may return. *Castro*, 833 F.3d at 1071. The Ninth Circuit Model Civil Jury Instruction 9.8 defines "deliberate indifference" as "the conscious choice to disregard a known or obvious consequence of one's acts or omissions"; it provides no alternative verdict for conduct that was "negligent but not deliberately indifferent."

Permitting Defendants to repeatedly invoke the term "negligence" creates an implied verdict option that does not exist in the law of this case. It invites jurors to weigh "deliberate indifference" against "mere negligence" as competing findings, when in fact the jury's sole inquiry is whether Plaintiffs have proven deliberate indifference. That confusion is precisely the harm Rule 403 protects against; its probative value, if any, is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403; see *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

***C. The Legal Standard Is for the Court, Not Counsel or Witnesses.***

Whether negligence or deliberate indifference governs is a pure question of law. "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)). It is therefore for the Court—not counsel or any witness, lay or expert—to instruct the jury on the governing standard. Defendants may not, by repeated invocation of an unpled legal label, displace the standard the Court will give.

***D. The Defense Remains Free to Contest Deliberate Indifference Without Invoking Negligence.***

Granting this motion does not prevent Defendants from challenging the sufficiency of Plaintiffs' evidence on deliberate indifference. Defendants remain free to argue, among other things, that they did not know of a serious risk to Tamario Smith; that they did not consciously or recklessly disregard a known risk; that any failure was an isolated mistake rather than a pattern or custom; that training, supervision, and care were adequate under the circumstances; and that no policy or practice was the moving force behind the alleged constitutional injury. Each of these arguments contests the elements without smuggling in a non-applicable legal label.

## III. REQUESTED RELIEF

Plaintiffs respectfully request an order providing that, at trial, Defendants, their counsel, and their witnesses (lay and expert) shall not:

(1) use the terms "negligence," "mere negligence," "simple negligence," or any substantially similar formulation to describe Defendants' conduct or the governing legal standard, in voir dire, opening, witness examination, or closing;

(2) elicit testimony framing Defendants' conduct, or the standard that governs Plaintiffs' claims, in terms of negligence; or

(3) invite the jury to consider whether Defendants were "merely negligent" as an alternative to deliberate indifference.

In the alternative, should the Court decline to preclude all references to negligence, Plaintiffs respectfully request a limiting instruction—given both at the time the issue arises and as part of the final charge—that (a) negligence is not a legal standard applicable to any claim or defense in this case; (b) the jury is not to consider whether Defendants were "merely negligent" or to make any finding based on a negligence standard; and (c) the jury's sole inquiry on this element is whether Plaintiffs have proven deliberate indifference as defined in the Court's instructions. This motion does not seek any ruling under Federal Rule of Evidence 702, and does not preclude the defense from contesting the elements of deliberate indifference.

//

//

//

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the motion be granted.

Dated: June 4, 2026 **CABALLERO & GETTLEMAN LAW OFFICE, INC.**

By: *Jonathan Gettleman*
JONATHAN GETTLEMAN
ELIZABETH CABALLERO
Attorneys for Plaintiffs