Elizabeth M. Caballero, SBN 240249
Jonathan Che Gettleman, SBN 243560
**CABALLERO & GETTLEMAN**
**LAW OFFICE, INC.**
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
EMAIL: *cglaw2015@gmail.com*

*Attorneys for Plaintiffs,*
*Tamario Smith (deceased),*
*Felicia Smith,*
*Michael Warren-Smith*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| TAMARIO SMITH, DECEASED, through his Co-Successors-in-Interest FELICIA SMITH, individually and MICHAEL WARREN-SMITH, individually,<br><br>Plaintiffs,<br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, WELLPATH, LLC,<br>Defendants. | Case No. 5:21-cv-00421-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 9 TO PRECLUDE ARGUMENT THAT CFMG/WELLPATH PERFORMED MANDATED TASKS FOR WHICH NO RECORD OR WITNESS EXISTS**<br><br>Final Pretrial Conference: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br>Trial Date: July 20, 2026 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

CFMG/Wellpath's defense at trial will depend, in significant part, on inviting the jury to assume that mandated tasks were performed even though CFMG/Wellpath's own records are silent and no witness can confirm them from personal knowledge. Plaintiffs anticipate cross-examination of the form, "Isn't it possible the rounds occurred and were not logged?"; expert opinion that "absence of documentation does not mean absence of care"; and closing argument that fills the documentary and evidentiary vacuum with imagination. The Ninth Circuit forbids that advocacy. A party cannot survive trial—let alone defeat liability—on "conclusory, speculative testimony." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984

(9th Cir. 2007). Defendant has the burden of proof on any affirmative defenses. 9th Cir. Manual of Model Civil Jury Instructions § 1.5.Arguments of counsel are not evidence. 9th Cir. Manual of Model Civil Jury Instructions § 1.10. Expert opinion "connected to existing data only by the ipse dixit of the expert" is inadmissible. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); accord *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050(9th Cir. Aug. 12, 2025) (there is "no presumption in favor of admission"). And spoliation principles foreclose the use of a self-created evidentiary vacuum to manufacture doubt where the party had an independent duty to create and preserve the missing records. Fed. R. Civ. P. 37(e); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958–61 (9th Cir. 2006); *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991).

## II. RELEVANT BACKGROUND

Tamario Smith was twenty-one, schizophrenic, adjudged incompetent to stand trial on March 26, 2020. He died May 10, 2020, in the M-Unit of the Santa Cruz Main Jail, where CFMG/Wellpath was the contractually designated health authority. The Coroner determined cause of death as sudden cardiac arrest from electrolyte imbalance from excessive water and coffee consumption and testified the death "would have been preventable" had Smith's sodium been monitored. (Declaration of Jonathan Gettleman in Support of Plaintiffs' Motion in Limine No. 9 ("Gettleman Decl.), Ex. A, Deposition of Dr. Stephany Fiore, M.D. ("Fiore Dep.") 19:12–14; 89:18; 92:17–94:18; 100:2–7.) CFMG/Wellpath's duties to monitor, examine, document, and escalate were layered: the Independent Contractor Agreement (Gettleman Decl., Ex. B, Independent Contractor Agreement) and its Amendment (Id.) required daily segregation rounds, chronic-care provision for psychiatric illness, outside-records retrieval, weight checks, mortality review, peer review, and CQI audits; Wellpath's own Policies (Gettleman Decl, Ex. C, CFMG/Wellpath Policies)—annually revised by the Health Service Administrator and CFMG Fed.R.Civ. Pro 30(b)(6) witness Sarah Hewett, herself (Gettleman Decl, Ex. D, Deposition of S. Hewett ("Hewett

Dep.") 68:1–11)—required segregation rounds (G-02), chronic-care treatment plans (F-01), coordinated mental-health care including outside-record retrieval (F-03), and suicide prevention (B-05); NCCHC standards were incorporated by contract (Id. 170:16–25).

Discovery has confirmed that the records CFMG/Wellpath was required to create and preserve do not exist. Hewett, as 30(b)(6) designee, admitted under oath that there are: zero segregation logs for Smith for the entire 32-day period in the M-Unit (Gettleman Decl., Ex. D, Hewett Dep., 42:1–4; 188:4–8); zero segregation logs jail-wide for the five-month period encompassing Smith's death (Id. at 75:1–13; 145:11–146:21); no mental-health diagnoses, findings, or treatments in the medical record as required by the contract (Gettleman Decl. Ex. D, Hewett Dep. 53:21–54:3; 70:4–12); no chronic-care assessment or plan despite categorical qualification (Id. 142:10–143:13); no requests for information forms for any prior psychiatric provider despite Policy F-03 (Id. 184:22–185:11); no CFMG physician encounter throughout the 100-day incarceration (Id. 236:19–238:17); no weight check (Id. 204:1–20); no CQI audits 2018–2020 (Id. 172:21–176:21 ("We don't know where any of these audits are.")); no peer review since July 2018 (Id. 173:1–5). Wellpath's Privilege Log (CFMG-TS 001285–1287) confirms an M&M Part III for Smith exists; Wellpath has withheld it (Gettleman Decl, Ex. F, CFMG/Wellpath privilege log). Three medication-refusal forms for court-ordered psychotropics carry the printed instruction requiring a Mental Health referral; the box is unchecked on all three. (Gettleman Decl, Ex. E, Wellpath's certified RFP responses (Set 1, Reqs Nos. 6, 9, 21, 22, 25; Set 2, Reqs Nos. 31, 33–35, 45, 67–71, 94, 112, 113) confirm these gaps as judicial admissions.

## III. ARGUMENT

### A. A Defendant May Not Manufacture Compliance From a Vacuum.

Federal Rule of Evidence 602 forbids any witness from testifying absent personal knowledge. The Ninth Circuit holds that "conclusory, speculative testimony" is inadmissible. *Soremekun*, 509 F.3d at 984;

*Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). No CFMG/Wellpath witness may testify that segregation rounds were performed in the M-Unit during Smith's last 32 days unless that witness can identify, from personal knowledge, that he or she conducted such a round on a specific date. None can; the 30(b)(6) designee herself confirmed it. (Gettleman Decl., Ex. D, Hewett Dep. 42:1–4; 188:4–8.) The same rule bars smuggling unsupported propositions through cross-examination. The Ninth Circuit has held that "a line of questioning that repeatedly incorporates inadmissible evidence can be just as improper as the direct admission of such evidence," and that "speaking" questions can themselves violate the Rules of Evidence. Ninth Circuit model jury instructions state that the "statements and arguments of counsel are not evidence," nor are "the lawyer's questions." 9th Cir. Manual of Model Civil Jury Instructions § 1.10.

**B. Insinuations of Compliance Mislead the Jury Under Rule 403.**

Rule 403 permits exclusion where probative value is "substantially outweighed by a danger of… unfair prejudice, confusing the issues, [or] misleading the jury." Unfair prejudice means the tendency to suggest decision on an "improper basis." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). A question that posits a fact for which there is no evidence has zero probative value and substantial prejudicial weight. The jury hears the assumed fact; the assumption becomes the takeaway; the absence of records is reframed as a paperwork issue rather than a treatment issue; and the deliberate-indifference inquiry the jury is asked to decide is corrupted. That is decision on an "improper basis," and the questions and arguments that produce it are inadmissible under Rule 403.

**C. Expert Opinion Premised on Missing or Speculative Data Must Be Excluded.**

Rule 702 requires expert testimony to be "based on sufficient facts or data" and to reflect a "reliable" application of "reliable principles and methods." Fed. R. Evid. 702(b)–(d). The Ninth Circuit excludes expert opinion connected to data "only by the ipse dixit of the expert," *Joiner*, 522 U.S. at 146,

and has recently reaffirmed that the proponent "must always establish the admissibility criteria of Rule 702 by a preponderance of the evidence and . . . there is no presumption in favor of admission," *Engilis*, *supra*. An expert ruling out alternative hypotheses "must provide reasons for rejecting alternative hypotheses 'using scientific methods and procedures'" and must rely on "more than 'subjective beliefs or unsupported speculation.'" *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1058 (9th Cir. 2003) (quoting *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994)); accord *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830–31 (9th Cir. 2001); *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605–07 (9th Cir. 2002). The proposition that CFMG/Wellpath "provided appropriate observation" of Smith in the M-Unit, or that "absence of documentation does not mean absence of care," is the paradigm of inadmissible ipse dixit. The exclusion applies with particular force to defense expert Dr. Phillips, who at page 8 of his report concedes the failure of three required safeguards (segregation rounds under Policy G-02; chronic-care coordination under Policies F-01 and F-03; and the escalation pathway for incompetent patients). Having conceded the failure, Phillips may not walk it back at trial by speculating about undocumented compliance.

**D. Where Wellpath/CFMG Had an Independent Duty to Create the Records, the Bar Is Absolute.**

The bar against speculation is at its zenith where the proponent of an imagined-compliance theory had an affirmative duty to create and preserve the records whose absence it now seeks to exploit. Federal Rule of Civil Procedure 37(e) authorizes adverse-inference relief for failure to preserve evidence; the Ninth Circuit's common law parallels that obligation and imposes sanctions—including adverse-inference instructions—on a showing of mere notice of potential relevance, not bad faith. *Leon*, 464 F.3d at 958–61; *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Akiona*, 938 F.2d at 161. The doctrine is stronger still where, as here, the records were not merely lost but never created in the first place despite a

layered, contractually fixed duty to create them. A proponent cannot rely on unsupported assumptions and "what ifs" to fill the gaps of an undeveloped record.

## IV. RELIEF REQUESTED

Plaintiffs respectfully request an order precluding Defendants—through counsel, lay witnesses, or experts, and through opening, direct, cross, closing, or exhibit—from arguing, suggesting, eliciting, or opining that any of the following was performed for Tamario Smith, absent both a contemporaneous business record produced in discovery and/or a percipient witness with personal knowledge under Rule 602: (a) segregation rounds or routine observation in the M-Unit between April 8 and May 10, 2020; (b) mental-health contacts, evaluations, or chronic-care assessments during the January 30 – May 10, 2020 incarceration; (c) medical suicide-watch or safety-vest observations; (d) mental-health referrals triggered by the March/April 2020 medication refusals; (e) CFMG physician or chronic-care encounters during the 2020 incarceration; (f) coordination with County Mental Health or any prior community mental-health provider; (g) retrieval of releases of information for prior psychiatric records; (h) verification of informed consent for court-ordered psychotropics; (i) CQI audits, peer review, mortality-review Part III analyses, or accreditation activity for 2018–2020; (j) staff orientation, competency, or training on schizophrenia, psychosis, hyponatremia, water intoxication, or suicide assessment; and (k) any written California Business and Professions Code section 2835.7 collaborative agreement for FNP Melody Cantrell.

## V. CONCLUSION

Defendants remain free to introduce records that exist, elicit testimony from witnesses with personal knowledge, and offer expert opinion grounded in the record. What Defendants may not do is invite the jury to assume the existence of evidence that does not exist, the performance of tasks no witness can confirm, or the soundness of care no contemporaneous note describes. That would improperly invite the jury to speculate. Plaintiffs respectfully request that the Motion be granted.

Dated: June 4, 2026 **CABALLERO & GETTLEMAN LAW OFFICE, INC.**

By: /s/ Jonathan Gettleman
JONATHAN GETTLEMAN
ELIZABETH CABALLERO
Attorneys for Plaintiffs