Elizabeth M. Caballero, SBN 240249
Jonathan Che Gettleman, SBN 243560
**CABALLERO & GETTLEMAN**
**LAW OFFICE, INC.**
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
EMAIL: *cglaw2015@gmail.com*

*Attorneys for Plaintiffs,*
*Tamario Smith (deceased), Felicia Smith,*
*Michael Warren-Smith*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| TAMARIO SMITH, DECEASED, through his Co-Successors-in-Interest FELICIA SMITH, individually and MICHAEL WARREN-SMITH, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, LLC, a corporation and WELLPATH, LLC a corporation;<br><br>Defendants. | Case No. 5:21-cv-00421-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 11 TO TREAT FACTUAL STATEMENTS IN DEFENDANTS' WRITTEN DISCOVERY RESPONSES — INCLUDING STATEMENTS THAT NO RESPONSIVE DOCUMENTS EXIST — AS PARTY ADMISSIONS, AND TO PRECLUDE DOCUMENTS NEVER PRODUCED IN DISCOVERY, INCLUDING ANY BUS. & PROF. CODE § 2835.7 AGREEMENT**<br><br>Final Pretrial Conference: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br>Trial Date: July 20, 2026 |

## I. INTRODUCTION

Plaintiffs move in limine for an order establishing that factual statements made in the body of Defendants California Forensic Medical Group, Inc. and Wellpath, LLC's ("CFMG/Wellpath") written discovery responses — in particular, representations that "after a diligent search and reasonable inquiry," no responsive documents are known to exist — are admissions of a party-opponent admissible at trial, and that CFMG/Wellpath may not offer evidence or argument contradicting them. Plaintiffs further move, under Federal Rule of Civil Procedure 37(c)(1), for an order precluding CFMG/Wellpath from introducing at trial any document it never produced in discovery — most importantly, any purported scope-of-work or collaborative agreement under California Business and Professions Code § 2835.7 between Nurse Practitioner Melody Cantrell and a supervising physician, a document Wellpath represented it was diligently searching for and would produce "within a reasonable time," and never did. A party that tells its opponent, in a signed discovery response, that documents do not exist — or that promises production and produces nothing — has made a deliberate factual record on which the requesting party is entitled to rely in building its case for trial. The Federal Rules of Evidence make the first statement admissible; Rule 37 and basic fairness make both binding.

## II. RELEVANT BACKGROUND

Plaintiffs served requests for production directed to the medical systems at issue in this case. CFMG/Wellpath served signed written responses. Many of those responses state — some without interposing any objection at all — that "after a diligent search and reasonable inquiry, no documents responsive to this request are known to responding party to exist." By way of example: Request No. 21 of Plaintiffs' Requests for Production, Set One, asked for all documents relating to any employee discipline as a result of the death of Tamario Smith in the Santa Cruz County Jail.

CFMG/Wellpath's signed response, served July 9, 2021, contains no objection and states in full: "After a diligent search and reasonable inquiry, no documents responsive to this request are known to responding party to exist." (Declaration of Jonathan Gettleman ("Gettleman Decl."), Ex. A, CFMG/Wellpath response to Plaintiffs' RPD, Set 1, No. 21.) The absence of records CFMG/Wellpath was required to create and keep is core proof in this case, and the cleanest evidence of that absence is CFMG/Wellpath's own statement that the documents do not exist. Plaintiffs intend to read such statements to the jury.

A second category of response promised production that never came. Request No. 120 of Plaintiffs' Requests for Production, Set Three, asked for all documents related to any scope-of-work agreement between Nurse Practitioner Melody Cantrell and Dr. Salvatore Fratianni — the collaborative, standardized-procedure agreement California law requires before a nurse practitioner may furnish care under physician supervision. See Cal. Bus. & Prof. Code § 2835.7. CFMG/Wellpath's response, served January 16, 2024, states in full: "A diligent search is ongoing and all responsive and discoverable materials will be provided within a reasonable time." (Gettleman Decl. ¶ 2.) No supplemental response was ever served. No agreement was ever produced. (Id. ¶ 3.)

## III. ARGUMENT

### A. Written discovery responses are admissions of a party-opponent under Rule 801(d)(2).

A statement offered against a party is not hearsay if it "was made by the party in an individual or representative capacity," was "made by a person whom the party authorized to make a statement on the subject," or was "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(A), (C), (D). A written

discovery response is the party's own litigation statement: it is prepared and served on the party's behalf by counsel authorized to speak on precisely the subject of the response, and it is signed under Federal Rule of Civil Procedure 26(g)(1), which certifies that the response is “complete and correct as of the time it is made.” The Rules already treat written discovery as substantive evidence: an answer to an interrogatory “may be used to the extent allowed by the Federal Rules of Evidence.” Fed. R. Civ. P. 33(c). Nothing in the Rules suggests that a signed Rule 34 response — an equally formal, equally certified party statement — stands on lesser footing. Party admissions carry no personal-knowledge or reliability prerequisite; their admissibility is a product of the adversary system. See Fed. R. Evid. 801(d)(2) advisory committee's note.

**B. The Court may treat deliberate, unequivocal factual representations in litigation documents as binding admissions.**

In the Ninth Circuit, “[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.” American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988). Even “statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court.” Id. at 226–27. A signed discovery response is a more formal and more deliberate litigation statement than a brief. Rule 26(g) requires counsel's certifying signature; Rule 34(b)(2)(B)–(C) requires the response to “state with specificity” what is being produced and whether anything is being withheld. A representation that, after a diligent search and reasonable inquiry, no responsive documents exist is exactly the kind of deliberate, clear, and unequivocal factual statement that warrants treatment as an admission. Plaintiffs raise the issue now, before trial, so that it is squarely presented and preserved. Cf. Lacelaw, 861 F.2d at 227 (binding effect waived where the proponent failed to raise it).

**C. Rule 37(c)(1) precludes CFMG/Wellpath from contradicting its own representations.**

Under Rule 37(c)(1), a party that fails to provide information as required "is not allowed to use that information … to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Having represented in a signed response that no responsive documents exist, CFMG/Wellpath cannot produce, rely upon, or insinuate the existence of such documents at trial. Nor may it suggest to the jury that undisclosed records would have supported its defense — that would be precisely the use Rule 37(c)(1) forbids, deployed against a record CFMG/Wellpath itself certified does not exist. The combination is what makes the order appropriate: the absence statement is admissible as the party's own admission under Rule 801(d)(2), and contrary documents are excluded under Rule 37(c)(1). The representation therefore establishes the absence of the described documents for purposes of trial.

**D. Rule 37(c)(1) equally precludes documents promised but never produced: no § 2835.7 agreement may be introduced at trial.**

The same rule governs the converse situation: a document a party was obligated to produce, promised to produce, and never produced may not be used at trial. Rule 26(e)(1)(A) imposes a continuing duty to supplement a discovery response "in a timely manner" upon learning that the response is incomplete. Wellpath's certified response to Request No. 120 represented that "a diligent search is ongoing" and that all responsive materials "will be provided within a reasonable time." That was January 2024. More than two years later, no supplemental response has been served and no scope-of-work or collaborative agreement between NP Cantrell and Dr. Fratianni — or any supervising physician — has been produced. (Gettleman Decl. ¶¶ 2–3.) The failure is neither substantially justified nor harmless: whether NP Cantrell practiced without the supervision

agreement § 2835.7 requires is a core scope-of-practice issue in this case, and Plaintiffs have built their trial presentation on the absence of any such agreement. Permitting CFMG/Wellpath to produce such an agreement for the first time at trial would be exactly the ambush Rule 37(c)(1) exists to prevent. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (Rule 37(c)(1) is a "self-executing," "automatic" sanction). The Court should preclude CFMG/Wellpath from introducing, relying upon, or referring to any purported § 2835.7 agreement; and, the document never having been produced despite a certified promise to produce it, Plaintiffs are entitled to argue that none exists.

**E. Exemplar: the response to Set One, Request No. 21.**

Request No. 21 asked for all documents relating to any employee discipline as a result of Tamario Smith's death in the Santa Cruz County Jail. The signed response contains no objection of any kind and states in full: "After a diligent search and reasonable inquiry, no documents responsive to this request are known to responding party to exist." (Gettleman Decl., Ex. A.) Plaintiffs are entitled to read that statement to the jury, and the jury is entitled to take CFMG/Wellpath at its word: no employee of CFMG/Wellpath was disciplined as a result of Tamario Smith's death. This motion does not ask the Court to dictate the inference the jury should draw. It asks only that the statement be received for what it is — CFMG/Wellpath's own admission — and that CFMG/Wellpath not be permitted to contradict it.

**IV. CONCLUSION**

Signed discovery responses are the considered, certified statements of the party that serves them. When the statement is "no documents exist," the requesting party builds its trial presentation on it. When the statement is a promise to produce, the requesting party is entitled to production —

or to the consequences of non-production. The Court should hold CFMG/Wellpath to its word in both respects.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter an order in limine providing that:

1. Factual statements contained in the body of CFMG/Wellpath's signed written discovery responses — including statements that no responsive documents exist, or that after a diligent search and reasonable inquiry no responsive documents are known to exist — are admissions of a party-opponent under Federal Rule of Evidence 801(d)(2), admissible at trial and subject to being read or displayed to the jury without further foundation, subject to Federal Rule of Evidence 106;

2. Such statements shall be treated as establishing, for purposes of trial, the absence of the documents described in the corresponding request;

3. Pursuant to Federal Rule of Civil Procedure 37(c)(1), CFMG/Wellpath shall not offer, use, or refer to any document within the scope of a request as to which it represented that no responsive documents exist, and shall not argue or insinuate that any such undisclosed document exists or would support its defense;

4. By way of example and without limitation, CFMG/Wellpath's response to Plaintiffs' Request for Production, Set One, No. 21 is admissible as a party admission and establishes that no CFMG/Wellpath employee was disciplined as a result of Tamario Smith's death;

5. Pursuant to Federal Rule of Civil Procedure 37(c)(1), CFMG/Wellpath shall not introduce, rely upon, or refer to any purported scope-of-work, collaborative-practice, or standardized-procedure agreement under California Business and Professions Code § 2835.7

between Nurse Practitioner Melody Cantrell and Dr. Salvatore Fratianni or any other supervising physician, no such document having been produced in response to Plaintiffs' Request for Production, Set Three, No. 120 notwithstanding CFMG/Wellpath's representation that “a diligent search is ongoing” and that responsive materials “will be provided within a reasonable time,” and Plaintiffs may argue and offer evidence that no such agreement exists; and

6. Nothing in this order precludes CFMG/Wellpath from offering otherwise-admissible testimony explaining the manner and scope of its search, subject to the Federal Rules of Evidence.

Dated: June 4, 2026 **CABALLERO & GETTLEMAN LAW OFFICE, INC.**

By: *Jonathan Gettleman*
JONATHAN GETTLEMAN
ELIZABETH CABALLERO
Attorneys for Plaintiff