UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAMARIO SMITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC.,<br><br>Defendant. | Case No.  5:21-cv-00421-EJD<br><br>**ORDER REGARDING MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 223–255, 259, 289, 306, |

The Court held a pretrial conference on June 25, 2026,  and took several of the parties' Motions *in Limine* ("MILs" or "motions") under submission.  ECF No. 313.  This Order issues rulings on the submitted motions and clarifies the remaining issues for the next hearing on July 13, 2026.

## I.    PLAINTIFFS' MOTIONS *IN LIMINE*

The Court issues the following rulings on Plaintiffs' eleven MILs.

### A.    MIL No. 1: Exclude Evidence and Argument that Decedent's Death Was Caused by Ingestion of Neutra-Tec 64 or Any Other Cleaning Solution

Plaintiffs move to exclude argument and evidence that suggests Mr. Smith died from ingesting neutra-tec 64 or other cleaning chemicals contained in a mop bucket.  ECF No. 233. Plaintiffs argue this alternative theory of death lacks foundation and conflicts with the autopsy and toxicology report in the record that found Mr. Smith died from an electrolyte imbalance caused by excessive water and coffee.  Alternatively, if Defendant is permitted to advance the cleaning chemical theory, then Plaintiffs intend to argue that CFMG's policies and practices were responsible for Mr. Smith having access to the mop bucket in the first place.

Defendant California Forensic Medical Group, Inc., ("CFMG" or "Defendant") opposes, arguing that Plaintiffs' request would bar it from presenting its primary causation defense—that Mr. Smith died from asphyxia caused by vomiting and aspiration triggered by his drinking cleaning chemicals, not from a symptom of his medication. ECF No. 287. Relatedly, Defendant's MIL No. 7 also seeks to exclude Plaintiffs from introducing evidence or argument that CFMG was responsible for Mr. Smith accessing the mop bucket. ECF No. 249. Defendant argues there is no foundation for the proposition that the presence of the mop bucket was attributable to Defendant's policy, custom, act, omission, or causation theory. Given the overlapping subject matter, the Court finds it most efficient to resolve Plaintiffs' MIL No. 2 and Defendant's MIL No. 7 together.

The Court **DEFERS** ruling on these motions pending resolution of Plaintiffs' motion to exclude Dr. Benowitz.

As discussed during the hearing, Defendant may offer ingestion of cleaning solution as an alternative theory of death, and Plaintiffs may attribute the presence of the mop bucket to CFMG's deliberate indifference only if supported by sufficient foundation. Defendant informed the Court that it intends to primarily[1] use Dr. Benowitz as the foundation for its alternative theory of death. According to Defendant, Dr. Benowitz will testify that he reviewed a letter from UCSF summarizing a toxicology report that found traces of cleaning solution in Mr. Smith's body, and in his opinion, that could have caused his death.[2] However, Plaintiffs recently filed a motion to exclude Dr. Benowitz from testifying at trial. The Court cannot decide whether Dr. Benowitz's testimony provides sufficient foundation before deciding whether Dr. Benowitz will testify, and this motion is still being briefed. The Court may seek further argument from the parties on these motions following its decision on Dr. Benowitz's admissibility.

---

[1] Defendant also noted that Dr. Stephany Fiore and Dr. Paul A. Fitzgerald may be able to establish the required foundation as well. The Court may seek additional argument regarding these witnesses depending on its ruling on Plaintiffs' motion to exclude Dr. Benowitz.

[2] Plaintiffs also argued in response that Defendant does not have foundation to introduce that toxicology report, i.e., authentication, evidence regarding methodologies, and evidence regarding chain of custody.

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE

2

United States District Court
Northern District of California

### B.    MIL No. 2: Admit Evidence that CFMG and Wellpath Operate as a Single Enterprise and that Wellpath Controls and Extracts CFMG's Revenue

If the case proceeds to a punitive damage phase and if Defendant argues that it has no money to pay Plaintiffs, Plaintiffs move to introduce evidence that CFMG's reported "losses" include revenue extracted by Wellpath, and CFMG still has access to that revenue because Wellpath and CFMG are the same entity.  ECF No. 234.

CFMG argues Plaintiffs' motion is an improper request for an advisory ruling that would allow Plaintiffs to introduce an inflammatory and prejudicial narrative of fraud, revenue stripping, manufactured separateness, and judgment-proof shells.  ECF No. 286.  CFMG raised similar arguments in its MIL No. 8, where it moves to exclude Plaintiffs from using Wellpath, parent, affiliate, and non-party financial evidence as proof of CFMG's financial condition.  ECF No. 250. Given the overlapping subject matter, the Court finds it most efficient to resolve Plaintiffs' MIL No. 2 and Defendant's MIL No. 8 together.

The Court **GRANTS** Plaintiffs' MIL No. 2 and **DENIES** Defendant's MIL No. 8.

At the core of both motions is a dispute regarding the scope and applicability of the parties' March 15, 2024, stipulation, which provides: "For the purposes of this lawsuit, the Defendant Parties CFMG and Wellpath are for all intents and purposes the same entity and will hereinafter be referred to collectively as Wellpath, LLC, such that no distinction shall be drawn between CFMG and Wellpath, LLC."  ECF No. 156.

The Supreme Court has held that litigants "'[a]re entitled to have [their] case tried upon the assumption that . . . facts, stipulated into the record, were established.' This entitlement is the bookend to a party's undertaking to be bound by the factual stipulations it submits." *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 677–78 (2010) (internal citation omitted) (quoting *H. Hackfeld & Co. v. United States,* 197 U.S. 442, 447 (1905)).  A factual stipulation is a judicial admission that has "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact," and is therefore "conclusive in the case."  *Id.*; *see also Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("[S]tipulations and admissions in the pleadings are generally binding on the parties

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE
3

and the Court . . . . ").

Here, the parties explicitly stipulated that CFMG and Wellpath are the same entity for "all intents and purposes." This stipulation, drafted and requested by CFMG, fixed a dispositive fact and narrowed the case to limit discovery. CFMG's argument that Wellpath cannot be used to prove CFMG's financial condition now, after receiving the benefit of limited discovery, contradicts this stipulation and prejudices Plaintiff. Though CFMG argued the stipulation did not explicitly contemplate topics such as alter-ego, assets, consolidated tax information, or inter-company transactions, the Court takes the stipulation at face value—"all intents and purposes" means *all* intents and purposes. As the drafter of this stipulation, if CFMG wished to narrow the purposes for which CFMG and Wellpath were considered the same entity, it could have done so.

The Court also notes that Wellpath's recent bankruptcy and dismissal from this case does not alter this conclusion. Following Wellpath's dismissal, the parties filed a stipulation agreeing that the dismissal did "not affect or diminish the validity of the parties' prior stipulation regarding CFMG and Wellpath at ECF No. 156." ECF No. 307. CFMG has also failed to provide the Court with any authority providing that Wellpath's bankruptcy proceedings somehow impacts the parties' prior stipulation.

Ultimately, if this case reaches the punitive damages phase, it will be CFMG's burden to prove an inability to pay. If CFMG chooses to open that door, then Plaintiffs are permitted to respond with the admission that CFMG and Wellpath are "the same entity" for purposes of CFMG's financial condition.[3] CFMG may still raise objections to potentially prejudicial evidence and argument suggesting fraud during trial if necessary.

### C.    MIL No. 3: Preclude Comparative Fault, References to Settlements, and Blame-Casting to Settled or Dismissed Defendants

Plaintiffs move to preclude CFMG from blaming Mr. Smith's death on the comparative conduct of non-parties, including settled or dismissed defendants, because comparative fault is relevant only to the dismissed negligence claim, not deliberate indifference under § 1983. ECF

---

[3] The parties both agree that CFMG's financial condition is relevant only in Phase II.

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE
4

No. 235.  And relatedly, CFMG's MILs No. 5, 6, and 12, seek to preclude Plaintiffs from imputing others' conduct to CFMG, but allow CFMG to introduce evidence of dismissed defendants and nonparties' conduct as the cause of Mr. Smith's death.  ECF Nos. 247, 248, 255.  Given the overlapping subject matter, the Court finds it most efficient to resolve Plaintiffs' MIL No. 3 and Defendant's MIL Nos. 5, 6, and 12 together.

The Court **GRANTS IN PART** and **DENIES IN PART** all motions.

Central to this dispute is the way "fault" is examined in deliberate indifference claims and negligence claims.   Regarding negligence, financial responsibility can be divided according to how much "fault" a party has for the plaintiff's injuries, known as "comparative fault."  But § 1983 claims allow for concurrent causation, where "many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause."  *Jones v. Williams*, 297 F.3d 930, 938 n.6 (9th Cir. 2002).  In other words, a party may be held fully liable for a plaintiff's injuries under *Monell* if the custom, policy, or practice was the "moving force behind the constitutional violation."  *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021).

Here, while there is no division of financial responsibility based on the amount of damage caused by CFMG verse individual defendants, Plaintiffs are still required to show that CFMG's conduct was a moving force in causing their injury.  If CFMG wishes to argue that it was not responsible for the conditions that led to Smith's death because the duty to maintain a safe environment for Mr. Smith belonged entirely to another person or entity, and it has the proper foundation for this theory, CFMG may do so.  In which case, Plaintiffs may then rebut with evidence of, for example, the Memorandum between CFMG and the County which Plaintiffs contend placed CFMG in charge of coordinating every piece of Mr. Smith's care.  CFMG may not, however, reference the apportionment of fault and/or damages applicable only to a negligence claim because negligence is no longer an issue in this case.  Plaintiffs also may not suggest that deliberate indifference be measured by the same standard of care as negligence.  The parties may request limiting instructions capturing the spirit of this Order.

United States District Court
Northern District of California

**D.    MIL No. 4: Exclude Any Plaintiffs' Prior Criminal History, FRE 404, Including Any Criminal History More than 10 Years Old under FRE 609(B)**

Plaintiffs move to exclude any reference, evidence, argument, or insinuation regarding Mr. Smith's prior criminal history, or any unknown criminal history of Plaintiffs (Mr. Smith's parents), as unfairly prejudicial under FRE 403 and improper character evidence under FRE 404 and 608.  ECF No. 236.

CFMG opposed, arguing that evidence regarding custody status, prior jail bookings, charges leading to incarceration, competency adjudication, jail medical records, mental-health encounters, medication history, and related facts may be relevant for permissible purposes including notice, deliberate indifference, causation, and damages.  ECF No. 288.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' MIL No. 4.  During the hearing, the parties ultimately agreed that jail records showing previous psychiatric holds and medical intakes are generally permitted for the purpose of proving knowledge, but evidence regarding the crimes for which Mr. Smith was accused is generally irrelevant and prejudicial.  The Court accordingly precludes CFMG from using criminal history for improper propensity purposes and orders counsel to raise any disputed criminal-history or impeachment issues outside the jury's presence prior to the introduction of this evidence.

**E.    MIL No. 5: Confine Defendants' Retained Experts Fitzgerald and Phillips to Opinions Disclosed in Their FRCP 26(A)(2)(B) Reports**

Plaintiffs move to prevent Dr. Paul Fitzgerald and Dr. Grant Phillips from testifying on topics outside the scope of the opinions and bases disclosed in their FRCP 12(a)(2)(B) report pursuant to FRCP 37(c)(1), which automatically bars undisclosed expert testimony.  ECF No. 237.  Plaintiffs also seek a restriction on all experts from opining on legal standards and conclusions, i.e., "constitutionally adequate" medical care, "deliberate indifference," "breach," etc.

CFMG argues this motion is overbroad and unnecessary.  ECF No. 284.  CFMG does not intend to offer undisclosed expert opinions or improper legal conclusions; but it would like to allow its witnesses to explain, clarify, respond to cross-examination, respond to hypotheticals, and address trial evidence outside the strict four-corners of the report.  However, like Plaintiffs' second

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE

6

request, Defendant's MIL No. 1 likewise seeks to exclude Plaintiffs' experts from providing legal conclusions regarding *Monell*, "moving force," deliberate indifference, and constitutionally adequate care. Given the overlapping subject matter, the Court finds it most efficient to resolve Plaintiffs' MIL No. 5 and CFMGs' MIL No. 1 together.

The Court **DEFERS** Plaintiffs' MIL No. 5 and Defendant's MIL No. 1. Though experts may generally not testify as to undisclosed opinions, they are also not strictly confined to using the verbatim language in their report. And though experts may not reach legal conclusions, they may testify to their opinions which counsel may then argue meet or do not meet the applicable legal standard. The Court finds the parameters of these rules better addressed during trial through objections to specific opinions. The parties largely agree with this course of action during the hearing.

> **F.    MIL No. 6: Exclude Evidence, Argument or Opinion that Pretrial Detainees Are Not Entitled to the Same Standard of Medical Care as the General Community**

Plaintiffs move to preclude CFMG from suggesting that the Constitution and applicable professional standards of care permit a categorically lower level of medical care for jail inmates than is provided in the community because of limited resources, staffing, etc. ECF No. 238.

CFMG objects to Plaintiffs' motion as overbroad and unnecessary. ECF No. 283. CFMG does not intend to argue that pretrial detainees are categorically entitled to substandard medical care; but it would like to introduce evidence and testimony regarding the correctional setting, available information, operational constraints, security context, staffing realities, access to outside providers, and how a reasonable correctional medical provider would respond under these circumstances.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' MIL No. 6. CFMG may not insinuate that the jury should apply a lower standard of care for pretrial detainees, but CFMG may discuss benign operational features and systems of the jail. Again here, the parties largely agree with this course of action during the hearing.

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE

United States District Court
Northern District of California

**G.     MIL No. 7: Exclude Evidence of Decedent Tamario Smith's Pre-Incarceration Drug Use**

Plaintiffs move to exclude any reference, evidence, or argument regarding Mr. Smith's pre-incarceration drug use as prejudicial and irrelevant.  ECF No. 239.

CFMG argues this request is overbroad.  ECF No. 282.  It would like to use evidence of pre-incarceration drug use for non-propensity purposes, including medical and psychiatric history, differential diagnosis, provider notice, causation, damages, life expectancy, and the factual context of jail records.

The Court **GRANTS** Plaintiffs' MIL No. 7.  The Court could imagine a scenario where prior drug use is relevant to explain why staff members made certain medical care decisions, but there is currently no foundation for this theory.  CFMG could not cite evidence showing that Mr. Smith was under the influence of any substance when he was initially detained or otherwise suffering from withdrawal symptoms during his incarceration.  There is also no evidence that Mr. Smith's pre-incarceration drug use caused or impacted his mental health diagnosis of schizophrenia or otherwise impacted the decisions made about his medical care in the jail.  CFMG may re-raise this issue if it can present to the Court sufficient foundation.

**H.     MIL No. 8: Preclude Argument, Evidence or Reference to Negligence as a Legal Standard**

Plaintiffs move to exclude any argument, evidence, or reference to negligence as the applicable legal standard.  ECF No. 240.  Defendant's MIL No. 3 similarly seeks to exclude evidence and argument offered solely to prove negligence, medical malpractice, or wrongful death standards.  ECF No. 245.  Given the overlapping subject matter, the Court finds it most efficient to resolve Plaintiffs' MIL No. 8 and Defendant's MIL No. 3 together.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' MIL No. 8 and Defendant's MIL No. 3.

Again here, the parties dispute involves the difference between negligence and deliberate indifference.  Deliberate indifference requires conduct that exceeds negligence: a pretrial detainee must prove objectively unreasonable conduct amounting to "more than negligence but less than

United States District Court
Northern District of California

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE

subjective intent— something akin to reckless disregard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).  Plaintiffs seek to prevent CFMG from arguing to the jury that its conduct may have been negligent, but negligence is not the same as deliberate indifference.  And CFMG similarly seeks to prevent Plaintiffs from insinuating that the standard for negligence and deliberate indifference are the same.

While the standards for negligent conduct and deliberate indifference differ, it is still accurate for CFMG to describe deliberate indifference to the jury as requiring "more than negligence."  However, neither party may suggest that the standard for negligence or negligence excuses or establishes deliberate indifference.  The parties may request limiting instructions capturing the spirit of this Order.

## I.    MIL No. 9: Preclude Argument that CFMG/Wellpath Performed Mandated Tasks for Which No Record or Witness Exists

Plaintiffs move to preclude conclusive or speculative testimony regarding whether mandated tasks were performed despite there being no record.  ECF No. 241.

CFMG objects as overbroad and improper.  ECF No. 280.  It argues its experts should be able to testify based on reasonable inferences, routine practice, circumstantial evidence, record context, policies and practices, or absence and meaning of documentation.

The Court **DEFERS** Plaintiffs' MIL No. 9.  As discussed during the hearing, all witnesses are required to establish foundation for testimony regarding any duties, tasks, or work performed or not performed.  The parties may raise objections specific to statements at trial.

## J.    MIL No. 10: Preclude "Reverse Golden Rule" Argument and Any invitation to Jury Empathy with Defendants' Institutional Position

Plaintiffs move to prevent CFMG from invoking improper juror sympathy by asking jurors to place themselves in the shoes of the medical professionals within the jail system.  ECF No. 242.

CFMG objects to the request as overbroad.  ECF No. 279.  CFMG does not intend to ask the jury to put themselves in the shoes of the medical professionals, but it would like to be able to accurately describe the jail system and the context in which medical professionals operate.

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE

9

United States District Court
Northern District of California

The Court **DEFERS** this motion.  It is unclear at this time how CFMG would seek to improperly invoke juror sympathy.  Plaintiffs may re-raise this objection at trial if necessary.

### K. MIL No. 11: Treat Factual Statements in Defendants' Written Discovery Responses — Including Statements that No Responsive Documents Exist — as Party Admissions, and to Preclude Documents Never Produced in Discovery, including Any Cal. Bus. & Prof. Code § 2835.7 Agreement

Plaintiffs move to admit written discovery responses as party admissions.  ECF No. 243.  CFMG opposes.  ECF No. 278.  During the hearing, the Court asked the parties to meet and confer regarding which discovery responses are in dispute and why.  The Court therefore **DEFERS** decision on this motion pending the parties' meet and confer.

### L. Motion to Exclude Defendant's Witness Dr. Fratianni

Finally, Plaintiffs move to exclude the late-disclosed testimony of Dr. Fratianni pursuant to FRCP 26 and 36.[4]  ECF No. 289.

Rule 26(a) requires parties to make initial disclosures providing "the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Parties must supplement their disclosures in a timely manner.  Fed. R. Civ. P. 26(e)(1)(A).

"Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or (e) 'is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'"  *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008).  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."  *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1073 (9th Cir. 2022) (citation omitted).

---

[4] Defendant subsequently filed a notice of intent to withdraw five other newly disclosed witnesses at issue in this motion.  ECF No. 303.

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE

10

The Court finds the late disclosure of Dr. Fratianni both unjustified and prejudicial. CFMG identified Dr. Fratianni as a witness in its June 11, 2026, disclosures, years after the close of fact discovery and just over one month before trial.  Dr. Fratianni works for CFMG as a medical director and was available to CFMG throughout the entirety of this litigation, yet he was not included among the nine staff members included in CFMG's Rule 16(a)(1) initial disclosures. CFMG provides no justification for this late disclosure, and CFMG's delay is not harmless. Plaintiffs have not deposed Dr. Fratianni, and allowing a deposition at this time would unreasonably burden Plaintiffs on the eve of trial and/or require that the Court continue trial to allow time for additional discovery that may arise.  The Court also rejects CFMG's argument that Plaintiffs' prior knowledge of Dr. Fratianni's existence moves the needle.   CFMG highlights that Dr. Fratianni appeared in Mr. Smith's 2019 prior incarceration records, was a topic in Plaintiffs' deposition of N.P. Melody Cantrell, and appeared in Plaintiffs' own initial expert disclosures.  But mere knowledge of a potential witness's identity, or the mere appearance of a witness's name in the record, does not satisfy CFMG's Rule 26 disclosure obligations.  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014).  It was CFMG's duty to disclose Dr. Fratianni as its witness, not Plaintiffs' duty to anticipate how CFMG would put on its defense.

The Court therefore **GRANTS** Plaintiffs' motion to exclude Dr. Fratianni.

## II.    DEFENDANT'S MOTIONS *IN LIMINE*

The Court resolved Defendant's MIL Nos. 1, 3, 5, 6, 7, 8, and 12 above.  The following motions remain under consideration pending further discussion at the June 13, 2026, hearing:

- MIL No. 2: Preclude Angela Goehring, RN, from Offering Physiological Cause of Death or Medical Probability Causation Opinions
- MIL No. 4: Exclude Prior Lawsuits, Settlements, Grand Jury Findings, and Other Unrelated Jail-Death Evidence
- MIL No. 9: Preclude Argument that Gross Revenue or Gross Receipts Establish Ability to Pay Punitive Damages

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE
11

United States District Court
Northern District of California

- MIL No. 10: Preclude Argument that Management Services Fees or Intercompany Entries Are Sham Expenses or Should Be Added Back, Absent Competent Expert Foundation
- MIL No. 11: Preclude Speculative Testimony or Argument that Different Training, Supervision, or Policy Compliance Would Have Prevented Mr. Smith's Death

The parties are encouraged to contact Judge Beeler to schedule an additional meeting prior to and/or just after the next July 13, 2026, hearing.

**IT IS SO ORDERED.**

Dated: July 2, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:21-cv-00421-EJD
ORDER REGARDING MOTIONS IN LIMINE
12