UNITECFMG STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAMARIO SMITH, et al., | Case No.   5:21-cv-00421-EJD |
| Plaintiffs, | **TENTATIVE ORDER REGARDING REMAINING MOTIONS IN LIMINE** |
| v. | |
| CALIFORNIA FORENSIC MEDICAL GROUP, INC., | Re: Dkt. Nos. 253, 246, 251, 252, 254 |
| Defendant. | |

On July 2, 2026, the Court issued an Order regarding the Motions *in Limine* ("MILs" or "motions") that were taken under submission during the June 25, 2026, pretrial conference.  ECF No. 320.  The next pretrial conference is scheduled for July 14, 2026.  The Court issues the following tentative rulings on CFMG's remaining MILs pending further discussion at the next hearing.

I.    **DEFENDANT'S MIL NO. 2: PRECLUDE ANGELA GOEHRING, RN, FROM OFFERING PHYSIOLOGICAL CAUSE OF DEATH OR MEDICAL PROBABILITY CAUSATION OPINIONS**

CFMG moves under FRE 702 to preclude Plaintiffs' expert Angela Goehring, RN from testifying that any act or omission by CFMG physiologically caused Mr. Smith's death, that a particular medical intervention would more likely than not have prevented death, or that she has an independent forensic, medical, psychiatric, toxicological, or pathological opinion regarding the cause of death.  ECF No. 253.  CFMG does not seek to preclude testimony regarding correctional-health operations, nursing standards, and policy/procedure issues within her expertise.

Plaintiffs oppose in part.  ECF No. 261.  They agree that Goehring may not provide opinions on the physiological cause of death or physiological interventions that could have

United States District Court
Northern District of California

prevented it because she has no expertise in those areas.  Her expertise is in systems development, accreditation compliance, and process improvement.  However, Plaintiffs oppose any limitation to Goehring's testimony that CFMG's longstanding customs, repeated violations of its own policies, and collective inaction of its staff (measured against accepted correctional health and professional standards of care) caused Mr. Smith to be denied adequate medical care.  Goehring is a correctional-health-systems expert with 35 years of experience in healthcare, 25 of which were spent in correctional health operational management, and she has served as a federal court-appointed monitor of jail healthcare systems un multiple cases, which Plaintiffs argue qualifies her to testify on these topics.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's MIL No. 2. Goehring may not opine on the physiological cause of death and medical intervention outside of her expertise.  However, she may still testify on matters within her expertise in systems development, accreditation compliance, and process improvement, including a comparison of CFMG's customs and policies to accepted standards of care.  The parties may raise additional objections at trial as necessary.

## II. DEFENDANT'S MIL NO. 4: EXCLUDE PRIOR LAWSUITS, SETTLEMENTS, GRAND JURY FINDINGS, AND OTHER UNRELATED JAIL-DEATH EVIDENCE

CFMG seeks to exclude evidence, testimony, and argument regarding prior lawsuits, settlements, attempted suicides, jail deaths, Grand Jury findings, public criticism, or alleged deficiencies unrelated to Mr. Smith unless Plaintiffs demonstrate outside the jury's presence that this evidence involves substantially similar incidents, is admissible for a proper non-character purpose, and satisfies FRE 401, 403, 404, 407, 408, 802, and 805.  ECF No. 246.

Plaintiffs oppose in part.  ECF No. 263.  Plaintiffs agree to not offer settlements, settlement amounts, or unrelated lawsuits to suggest that CFMG has a "propensity" to provide poor care. However, Plaintiffs would like to introduce the following evidence to prove notice and a longstanding pattern: (1) Santa Cruz County Civil Grand Jury reports on another case involving the Santa Cruz County Jail and CFMG; (2) related prior in-custody deaths at this facility; and (3)

Case No.: 5:21-cv-00421-EJD
TENTATIVE ORDER REGARDING REMAINING MOTIONS IN LIMINE
2

United States District Court
Northern District of California

the district court's findings in *Hernandez v. County of Monterey*, which granted injunctive relief against CFMG's deficient jail medical and mental-health care. [1]

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's MIL No. 4. Plaintiffs may present evidence of prior lawsuits and grand jury findings for purposes of notice, knowledge, and establishing a pattern. *See, e.g., Greer v. Cnty. of San Diego*, 726 F. Supp. 3d 1058, 1073–79 (S.D. Cal. 2023) (finding grand jury reports are self-authenticating public records that gave the county notice of "repeated breakdowns" in jail medical care); *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 681–83 (9th Cir. 2021) (finding pattern and notice evidence supports deliberate indifference); *Henry v. Cnty of Shasta*, 132 F.3d 512, 519–21 (9th Cir. 1997), *opinion amended on denial of reh'g*, 137 F.3d 1372 (9th Cir. 1998) (finding evidence of similar prior incidents and post-event conduct is "highly probative" of a custom).  However, prior to admission, the Court will discuss with counsel the specifics of what and how it will be introduced.  The Court will also discuss with the parties limiting instructions, including that the evidence may only be considered for purposes of notice, knowledge, and existence of a custom, and not for the truth of any finding or proof of liability.

## III.     DEFENDANT'S MIL NO. 9: PRECLUDE ARGUMENT THAT GROSS REVENUE OR GROSS RECEIPTS ESTABLISH ABILITY TO PAY PUNITIVE DAMAGES

CFMG seeks to preclude arguments that its gross revenue, gross receipts, contract revenue, or adjusted gross income establishes its ability to pay punitive damages under FRE 403.  ECF No. 251.  CFMG highlights that its 2022–2024 tax returns show consistent multi-million-dollar losses and no profitability, and gross receipts do not account for operating expenses, liabilities, debt, tax obligations, insurance, payroll, management services fees, or other necessary business expenses. CFMG contends that any evidence or argument on this topic would be confusing to the jury and prejudicial.

Plaintiffs oppose.  ECF No. 268.  They highlight that punitive damages on § 1983 claims

---

[1] The Court also grants Plaintiffs' request to take judicial notice of these public records pursuant to FRE 201.  ECF No. 264.

United States District Court
Northern District of California

are governed by federal common law, which provides that plaintiffs only bear the burden to prove that punitive damages are warranted and how much.  If the defendant asks the jury to temper punitive damages by its financial condition, the burden of producing that evidence rests on the defendant.  And a defendant who affirmatively offers financial condition evidence subjects itself to cross-examination and rebuttal just like any other evidence.  Plaintiffs contend that rebuttal evidence of revenue is probative of capacity, deterrence, and credibility of CFMG's claimed losses.

The Court **DENIES** Defendant's MIL No. 9.  If this case reaches the punitive damages phase, it will be CFMG's burden to prove an inability to pay.  And if CFMG chooses to open that door, then Plaintiffs may be permitted to respond with relevant evidence of its revenue for purposes of CFMG's financial condition.[2]  Any possible confusion regarding CFMG's revenue verse losses can be cleared through effective cross-examination.

## IV.    DEFENDANT'S MIL NO. 10: PRECLUDE ARGUMENT THAT MANAGEMENT SERVICES FEES OR INTERCOMPANY ENTRIES ARE SHAM EXPENSES OR SHOULD BE ADDED BACK, ABSENT COMPETENT EXPERT FOUNDATION

CFMG moves under FRE 403 to preclude Plaintiffs from arguing CFMG's management services fees paid to Wellpath or other related intercompany entries are artificial, improper, sham expenses, disguised distributions, or should be added back to CFMG's income absent competent financial/accounting evidence.  ECF No. 252.  CFMG anticipates Plaintiffs will argue at trial that CFMG's tax returns show losses only because CFMG deducted management services fees paid to Wellpath and related intercompany entries, but there is no evidence these fees were improper or impact CFMG's ability to pay punitive damages.

Plaintiffs oppose, arguing that this request again inverts the burden to prove financial condition in the punitive damages phase.  ECF No. 269.  If CFMG offers evidence of its poverty, then Plaintiffs should not be precluded from inquiring into how the losses were acquired.  Plaintiffs also contend that the evidence it intends to introduce (Management Services Agreement

---

[2] The parties both agree that CFMG's financial condition is relevant only in Phase II.

United States District Court
Northern District of California

assignment that was produced in public Wellpath bankruptcy proceedings, and Receivables Sale Agreement structure) are matters of public record, and no expert is needed to explain the significance of these documents because they bear the hallmarks of fraudulent-transfer devices on their face.

The Court is inclined to **DEFER** Defendant's MIL No. 10 for decision at trial, but it would benefit from further discussion at the next hearing. The Court is not convinced that expert testimony is necessary to establish sufficient foundation for evidence of management services fees or intercompany  entries. However, the Court sees the potential for prejudice and is inclined to require Plaintiffs to make a sufficient showing of relevance outside of the presence of the jury during the punitive damages phase. The Court also queries whether the prior Order permitting evidence that Wellpath and CFMG are the same "entity" for purposes of financial condition moots or otherwise impacts this issue.

## V.  DEFENDANT'S MIL NO. 11: PRECLUDE SPECULATIVE TESTIMONY OR ARGUMENT THAT DIFFERENT TRAINING, SUPERVISION, OR POLICY COMPLIANCE WOULD HAVE PREVENTED MR. SMITH'S DEATH

CFMG seeks to preclude testimony or argument that compliance with its training, supervision, and policy obligations would have prevented Mr. Smith's death, unless Plaintiffs first establish a non-speculative evidentiary foundation for each step of that causal chain outside the presence of the jury. ECF No. 254. CFMG cites *Townsend v. County of Santa Cruz*, Case No. 19-cv-00630-BLF, ECF 13, a case with similar *Monell* claims against CFMG based on its customs and training relating to intake, that found insufficient evidence to support this causal chain.

Plaintiffs oppose. ECF No. 270. They characterize this request as an untimely dispositive Rule 56 or Rule 50 motion in disguise that asks the Court to weigh the sufficiency of Plaintiffs' causation evidence. This was the case in *Townsend*, where the court examined the evidence to decide a Rule 56 motion for summary judgment. Plaintiffs argue that requiring them to prove "each step of the causal chain outside the presence of the jury" before counsel may argue causation to the jury is a court ordered mini-trial that inverts the burdens and removes the moving-force question from the jury.

United States District Court
Northern District of California

Case No.: 5:21-cv-00421-EJD
TENTATIVE ORDER REGARDING REMAINING MOTIONS IN LIMINE
5

The Court **DENIES** Defendant's MIL No. 11.  This request is overbroad.  Motions *in limine* address discrete evidentiary issues, but CFMG's motion asks the Court to resolve a dispositive dispute regarding whether the evidence currently in the record is sufficient to show causation.  CFMG should have timely raised this motion prior to the dispositive motions deadline.

**IT IS SO ORDERED.**

Dated: July 7, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:21-cv-00421-EJD
TENTATIVE ORDER REGARDING REMAINING MOTIONS IN LIMINE
6