UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAMARIO SMITH, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>CALIFORNIA FORENSIC MEDICAL<br>GROUP, INC.,<br><br>                Defendant. | Case No.   5:21-cv-00421-EJD<br><br>**ORDER DENYING MOTION FOR<br>REMOTE TESTIMONY**<br><br>Re: Dkt. No. 322 |

Plaintiffs intend to call CFMG's Rule 30(b)(6) corporate designee Sarah Hewett, RN, in their case-in-chief on July 21.  On July 6, CFMG filed the present motion to permit Ms. Hewett to testify at trial by contemporaneous remote video transmission under Federal Rule of Civil Procedure 43(a).  Mot., ECF No. 322.  In the alternative, CFMG requests that the Court allow Ms. Hewett to testify out of order on July 30. *Id.*  Plaintiffs oppose.  Opp'n, ECF No. 327.

Rule 43(a) provides that trial testimony must be taken in open court, but courts may in their discretion permit testimony "by contemporaneous transmission from a different location" for "good cause in compelling circumstances and with appropriate safeguards."  Fed. R. Civ. P. 43(a); *see also Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009) (recognizing the court's discretion).  Remote trial testimony is the exception, not the rule, and good cause requires more than mere inconvenience for a witness.  *In re Kirkland*, 75 F.4th 1030, 1043–44 (9th Cir. 2023); Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

CFMG requests an exception to Rule 43(a) for Ms. Hewett because she plans to be out of town from July 17 through July 29 for her 12-year-old son's baseball tournaments on the East Coast.  CFMG argues this constitutes good cause because Ms. Hewett is a single mother traveling

United States District Court
Northern District of California

out of state for "baseball tournaments that were planned, registered, booked, and paid for months before this witness dispute[1] arose." Mot. 3. CFMG contends that interrupting her trip and requiring that she leave her child out of state and potentially absorb substantial last-minute travel changes would impose a concrete hardship on Ms. Hewett and her child.

The Court finds this unconvincing for several reasons. First, trial in this case has been set since August 2025, nearly one year ago. ECF No. 202. Ms. Hewett's declaration indicates that her son's team began planning for at least one of the tournaments one month later in September 2025. Hewett Decl. ¶ 11, ECF No. 323. Ms. Hewett is an employee of CFMG and CFMG's sole Rule 30(b)(6) corporate representative. CFMG either did, or should have, put Ms. Hewett on notice of her potential obligation to testify before tournament planning began. "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *In re Kirkland*, 75 F.4th at 1044 (internal quotation marks omitted) (quoting Fed. R Civ. P. 43(a) advisory committee's note to 1996 amendment).

Second, Plaintiffs served Ms. Hewett's subpoena in May 2026, nearly two months ago. Yet CFMG did not raise this issue with Plaintiffs or the Court until the June 25 pretrial conference, approximately three weeks before jury selection, and did not make a request for relief with the Court until July 6, approximately eleven days before jury selection. Granting CFMG's request now would not only interfere with Plaintiffs' right to present live testimony but would also disrupt Plaintiffs' witness preparation and trial strategy on the eve of trial.

Third, testifying in this case need not disrupt Ms. Hewett's entire twelve-day-long trip or cause her financial hardship. CFMG could arrange Ms. Hewett's travel out and back sufficient for her to appear in Court, which Plaintiffs estimate would be one day, specifically, 3 to 4 hours.

Fourth, though Ms. Hewett is concerned that leaving her child on the East Coast to testify

---

[1] It is unclear what CFMG refers to as "this witness dispute." It appears the "dispute" is CFMG's request for remote testimony—the present motion. Arguing that Ms. Hewett paid for a trip months before CFMG raised this "dispute" does nothing to support CFMG's position and instead further displays a lack of diligence.

Case No.: 5:21-cv-00421-EJD
ORDER DENYING MOTION FOR REMOTE TESTIMONY

United States District Court
Northern District of California

United States District Court
Northern District of California

in this case "would have a harmful emotional impact on him," Hewett Decl. ¶ 23, she has already arranged to leave two days early while her son returns home with family friends. *Id.* ¶¶ 15, 17, 19. Ms. Hewett has provided no reason why these same responsible adults cannot care for her child for one additional day while she testifies, other than to say: "I do not believe it is reasonable to ask those family friends to be responsible for my son longer than they have already agreed to be responsible for him." *Id.* ¶ 20.

The Court understands this trial comes at an inopportune time for Ms. Hewett and her son, but "[t]he importance of presenting live testimony in court cannot be forgotten." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. As best stated by the Advisory Committee: "The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.* The circumstances presented here are not exceptional to justify departing from this important rule—testifying live would disrupt only one or two of Ms. Hewett's travel plans, her son would still be able to participate in the tournaments, and trusted family friends are presumably available to care for her son in her absence.

For these same reasons, the Court finds no good cause to allow Ms. Hewett to appear on July 30, after Plaintiffs have closed their case-in-chief. Ms. Hewett is currently ordered to appear on July 21, nine days prior to Ms. Hewett's planned return. Plaintiffs characterize Ms. Hewett as their "primary liability witness" who "speaks for CFMG" because she is "CFMG's designated corporate representative on the sole claim to be tried, and the official most responsible for Mr. Smith's care." Opp'n 5. Requiring Plaintiffs to call their primary liability witness after they have concluded their case-in-chief is not warranted under these facts.

The Court therefore **DENIES** CFMG's motion. With these findings, the Court orders the parties to meet and confer again regarding the logistics of Ms. Hewett's testimony and encourages moderate flexibility on both sides.

Case No.: 5:21-cv-00421-EJD
ORDER DENYING MOTION FOR REMOTE TESTIMONY
3

**IT IS SO ORDERED.**

Dated: July 8, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-00421-EJD
ORDER DENYING MOTION FOR REMOTE TESTIMONY
4