UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TAMARIO SMITH, et al.,

Plaintiffs,

v.

CALIFORNIA FORENSIC MEDICAL GROUP, INC.,

Defendant.

Case No. 5:21-cv-00421-EJD

**ORDER GRANTING MOTION TO EXCLUDE; ADOPTING TENTATIVE MILS ORDER; ADDRESSING MISCELLANEOUS ISSUES**

Re: Dkt. Nos. 318, 330

The Court held a final pretrial conference on July 14, 2026, and heard oral arguments from both parties on Plaintiffs' most recent motion to exclude, Defendants' remaining MILs, and other miscellaneous issues. This Order expands upon oral rulings made during this hearing and resolves the matters taken under submission.

## I. MOTION TO EXCLUDE

For the reasons stated on the record and below, the Court **GRANTS** Plaintiffs' newest motion to exclude CFMG's additional late-disclosed witnesses. ECF No. 318.

Rule 26(a) requires parties to make initial disclosures providing "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Parties must supplement their disclosures in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

"Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a)



United States District Court
Northern District of California

or (e) 'is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1073 (9th Cir. 2022) (citation omitted).

The Court finds the late disclosure of the following witnesses unjustified and prejudicial: Dr. Benowitz; Dr. Friedman; Sgt. Mora; Deputy Griffith; Dr. Lazar; Lt. Baldwin; Brenda Campbell; Robert Vickers; Antonio Ureta; Brannon Scianna; and Deputy Kenville.[1]

CFMG identified these witnesses in its June 11 and June 18 disclosures, years after the close of fact discovery and just over one month before trial. CFMG acknowledges these disclosures were untimely but argues it was substantially justified because Plaintiffs materially shifted this case by dismissing all other defendants and non-*Monell* claims, and Plaintiffs are not harmed by the late disclosure because many of these witnesses were previously identified as the dismissed defendants' witnesses or appeared elsewhere in the record. As to Dr. Benowitz specifically, CFMG argues it explicitly reserved the right to call any other expert designated in this case in its Rule 26 expert disclosures, which includes Dr. Benowitz. CFMG also argues Dr. Benowitz's disclosure at this time is harmless because Plaintiffs have had his Rule 26 report since 2024 and Dr. Benowitz would only provide opinions Plaintiffs already expected from Dr. Fitzgerald.

The Court finds CFMG's position unpersuasive. First, there is no substantial justification. The developments which CFMG cites in support of admission occurred long before its June disclosures—Plaintiffs dismissed the other defendants on January 7, 2025, ECF No. 186, and non-*Monell* claims on March 17, 2026, ECF No. 210. CFMG failed to provide a sufficient reason why

---

[1] The parties agreed that Deputy Vizcarra may testify only as to the May 10 safety checks and discovery of Mr. Smith, and CFMG withdrew Dr. Richard Hayward.

it waited approximately eighteen months after the other defendants were dismissed and three months after the non-*Monell* claims were dismissed to identify these witnesses. The Court also finds CFMG's broad reservation of rights insufficient to put Plaintiffs on notice of its intent to call Dr. Benowitz under Rule 26.

Second, Plaintiffs are harmed by the timing of these disclosures. It is true that Plaintiffs knew these witnesses existed—they were either deposed by Plaintiffs, identified as dismissed defendants' witnesses, or appeared at different points in the record. But Plaintiffs were never notified of CFMG's intent to use them in its own defense, and mere knowledge of a potential witness's identity, or the mere appearance of a witness's name in the record, does not satisfy CFMG's Rule 26 disclosure obligations. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014). As the Court noted in its first MILs order, it was CFMG's duty to identify these individuals at its witnesses, not Plaintiffs' duty to anticipate how CFMG would put on its defense. Regarding Dr. Benowitz, the fact that he would testify on the same topics expected of Dr. Fitzgerald does not favor CFMG's position; CFMG conceded that it could still put forward its alternative theory of death using Dr. Fitzgerald as foundation, and the fact that Dr. Benowitz may have provided a better supported opinion is of no consequence.

## II. TENTATIVE MILS ORDER, ECF NO. 330

The Court also discussed its July 7, 2026, Tentative Order, ECF No. 330, with the parties as follows.

**MIL No. 2:** Parties submitted.

**MIL No. 4:** The Court confirms that no evidence of prior lawsuits, settlements, grand jury findings, and other jail-related death may be admitted until Plaintiffs lay a sufficient foundation regarding the nexus of this evidence to their claim. The Court ordered the parties to meet and confer regarding exactly what Plaintiffs would like to introduce and how Plaintiffs believe this evidence relates to their *Monell* claim. Should the parties' disagreement remain after meeting and conferring, Plaintiffs shall identify for the Court the specific evidence at issue and the Court will

United States District Court
Northern District of California

discuss with the parties on Friday following the selection of the jury. The Court will also engage in another foundational conversation at the time Plaintiffs want to produce the evidence at trial.

**MIL No. 9:** Parties submitted.

**MIL No. 10:** The Court agrees with Plaintiffs' characterization that this issue is now moot given the Court's order that CFMG and Wellpath are the same entity for "all intents and purposes." CFMG does not object to Plaintiffs referring to both as one during trial, but the parties agreed that the special verdict form will not name Wellpath.

**MIL No. 11:** The Court confirms that its order does not prevent either party from raising Rule 50 motions when appropriate.

The Court incorporates these findings and observations in its Tentative Order and **ADOPTS** the Tentative Order in full.

## III. MISCELLANEOUS ISSUES

Finally, the Court discussed the following miscellaneous issues with the parties.

**Discussion Re Plaintiffs' MIL No. 4:** The Court emphasized that its holding is not a wholesale invitation for CFMG to put forward evidence and argument that the County or other parties are at fault in lieu of CFMG. The Court was instead responding to the insinuation that there may be evidence CFMG had no responsibility over Mr. Smith's care such that it was not a moving force of his death. The Court will permit CFMG to advance such a theory if proper foundation is proven at a subsequent hearing outside the presence of the jury.

**Cantrell scope of work agreement:** Plaintiffs raised an oral objection to a recently disclosed document containing a scope of work agreement signed by Ms. Cantrell. The Court orders the parties to brief this issue and provide thoughts including—if it will be admitted not withstanding late disclosure—whether and in what form the court may provide the jury a special instruction on late evidence. In the interim, CFMG will make diligent attempts to gather and disclose any meta data surrounding the document and provide Plaintiffs a copy of the blank form. CFMG's brief is due by **4:00 p.m. on July 17, 2026**. Plaintiffs' response is due by **4:00 p.m. on**

United States District Court
Northern District of California

**July 21, 2026**. Both filings may not exceed five pages.

**COVID-related exhibits:** Plaintiffs also raised oral objections to any evidence regarding the impact of COVID on CFMG's operations as irrelevant and improper argument that a lower standard of care was acceptable. CFMG indicated it would consider Plaintiffs' objection and withdraw the disputed evidence CFMG determines it is irrelevant. Otherwise, CFMG will argue relevance outside the presence of the jury prior to introducing this evidence.

**Trial Time:** Each side shall have 20 hours to complete their case.

**Timing for Briefs:** Any brief filed during trial will be heard no earlier than twenty-four hours later.

**Coroner:** CFMG stipulated to not raise the coroner's testimony fees at trial.

**Insurance:** CFMG stipulated to not raise the issue of insurance.

**Meet and Confer:** The parties shall meet and confer regarding protocols for pre-admitting exhibits; evidentiary read-ins; formal stipulation filings; and redactions.

**IT IS SO ORDERED.**

Dated: July 14, 2026

EDWARD J. DAVILA
United States District Judge